JESSE J. NIELD, Appellant, *v.* TILLIE JUPITER and Others, Respondents.

Third Department, December 28, 1916.

Real property — conveyance constituting person who paid consideration a trustee — when such person not stranger to conveyance — right of trustee to sell — when nominal grantee cannot maintain ejectment — estoppel — disclaimer of interest in real estate.

While a reservation or exception in favor of a stranger in a conveyance of land is void and inoperative, the rule does not apply where the person paying the whole consideration for a conveyance had inserted therein a

statement that he shall be trustee of the premises and that the same shall be at his disposal and under his control during his lifetime, unless sooner sold by his direction, for such person is not a stranger to the conveyance but is in fact the real grantee.

In any event the nominal grantee cannot succeed in an action to eject from the lands an innocent purchaser from the trustee for value where, being requested by the scrivener to join in the deed, he refused to do so upon the express ground that he had nothing to do with the property, knew nothing about it and had no interest therein. By such declaration the nominal grantee was estopped from claiming title as against an innocent purchaser for value.

COCHRANE, J., dissented.

APPEAL by the plaintiff, Jesse J. Nield, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Sullivan on the 9th day of February, 1915, upon the decision of the court dismissing the complaint after a trial before the court without a jury.

*Carpenter & Rosch [Joseph Rosch* of counsel], for the appellant.

*Eugene H. Bouton [George H. Smith* and *Henry Willis Smith* of counsel], for the respondents.

HOWARD, J.:

The premises in question were conveyed on August 13, 1908, by Emma Willey to Jesse J. Nield. In the deed was this clause: " It is understood and agreed that Elisha L. Nield shall be the trustee of the premises hereby conveyed to Jesse J. Nield, and that the same shall be at his disposal and under his control during his lifetime, unless sooner sold under the direction of the said Elisha L. Nield." Elisha L. Nield was the father of Jesse. Jesse knew nothing about the transaction at the time, took no part in it and paid no part of the consideration. The deed was delivered to the father, was put on record by him and he took immediate possession of the premises and assumed complete control over the same. About two months afterwards, October 20, 1908, Elisha, as trustee of Jesse, conveyed to Zimrick, and Zimrick, on January 4, 1910, conveyed to defendant Tillie Jupiter. When the deed from Elisha L. Nield to Zimrick was being prepared Bouton, the attorney who was drafting it, conceiving the idea that the

record would look better to future searchers if Jesse should join in the conveyance, requested Jesse to sign the deed; but Jesse said: "That he had never had anything to do with the property; he didn't know anything about it; that he had no money in it, and that he wouldn't sign the deed." Jesse disputes this, but the learned trial justice has so found and the evidence abundantly sustains him. Jesse now brings a suit of ejectment against Tillie Jupiter, who was an innocent purchaser in good faith and paid full value for the property.

In *Beardslee* v. *New Berlin L. & P. Co.* (207 N. Y. 34) Chief Judge CULLEN, writing for the court, said: "It is elementary law, stated in every text book on the subject, that a reservation or exception in favor of a stranger to a conveyance is void or inoperative." This law is reiterated in *Tuscarora Club* v. *Brown* (215 N. Y. 543). These two recent adjudications by the Court of Appeals would be decisive here were it not for the fact that evidence, coming from the plaintiff's own lips and received without objection, discloses that Elisha L. Nield was not a stranger to the conveyance, but was, in fact, the real grantee. Therefore, the rule that a reservation or exception in a deed in favor of a stranger is void does not apply here.

The plaintiff's position is untenable for another reason; he has estopped himself from claiming title to this property. "When a party, either by his declarations or conduct, has induced a third person to act in a particular manner, he will not afterwards be permitted to deny the truth of the admission if the consequence would be to work an injury to such third person or to some one claiming under him." (*Trustees, etc.,* v. *Smith,* 118 N. Y. 634.) The plaintiff's reply to Bouton, the lawyer who requested him to join with his father in the deed to Zimrick, induced Bouton to pass the title without the signature of the plaintiff. Bouton does not definitely make this statement, but it must be assumed, for the language of the plaintiff was so broad, emphatic and sweeping that Bouton must have been completely assured that the plaintiff had no interest in the property and no objection whatever to the conveyance about to be executed by his father. Without protest or opposition the plaintiff permitted Zimrick to take title from

his father.   Being fully notified of his father's purpose to deed·
away the premises, he made no claim to the property; he
asserted that he knew nothing about it; he disclaimed owner-
ship.   His language and conduct lulled Zimrick into a feeling
of security and removed from his mind all apprehension as to
the character of the title, and induced him to part with his
money.   Therefore, the plaintiff is now estopped and cannot
claim title.

The judgment should be affirmed.

All concurred, KELLOGG, P. J., in result, in memorandum,
except COCHRANE, J., who dissented.

KELLOGG, P. J. (concurring in result):

I do not think there is a reservation or exception in the deed
in favor of a stranger.   It is a very informal trust deed, but
must be given a just and reasonable interpretation to carry out
the manifest intent·of the parties.   As a matter of substance
it was a deed to the plaintiff and Elisha, he as her trustee to
have the management and control and sale during his lifetime,
the beneficial interest being always in her.

Judgment affirmed, with costs.