■ JIM MAY PONTIAC BUICK, INC., Plaintiff, v CHARLES F. GLEASON et al., Defendants and Third-Party Plaintiffs-Respondents. VILLAGE OF HOMER, Third-Party Defendant-Appellant.—Main, J. Appeal from a judgment of the Supreme Court at Trial Term (Ellison, J.), entered January 5, 1984 in Cortland County, which, in an action pursuant to RPAPL article 15, held, *inter alia,* that third-party plaintiffs are vested with fee simple absolute title to certain real property.

South Main Street runs generally north and south through the Village of Homer, Cortland County, and is intersected on its westerly side by Jerome Place, which runs east and west. Third-party plaintiffs own property located at the southwest corner of the intersection of Jerome Place and South Main Street, and plaintiff contracted to purchase this property. A question regarding the property's northerly boundary then arose. Plaintiff was concerned that a 20-foot wide strip at the northerly end of the property might actually be owned by third-party defendant, the Village of Homer, as part of a 50-foot wide strip which was the street designated as Jerome Place. Third-party plaintiffs claimed title to the 20-foot wide strip. Plaintiff commenced this action against third-party plaintiffs for specific performance or abatement of the purchase price. Third-party plaintiffs then sued the village alleging that it unjustly asserted title to the 50-foot wide strip,

including the 20-foot wide strip claimed to be part of the property under the contract of sale.

At the trial on the third-party action, it was adduced that in 1889, the Mourins conveyed property north of the subject property to one Clough and covenanted to create a street 50-feet wide on the south side of the property conveyed. Subsequent deeds of property conveyed in the area of the 50-foot wide strip referred to this deed or to the proposed 50-foot wide road, but there is no evidence of any formal offer of dedication of this road to the village. This 50-foot wide strip, however was never otherwise conveyed and the testimony indicates that for as long as anyone can remember, at least a part of it was used as a public street. Apparently at the April 17, 1946 meeting of the Board of Trustees of the village, a resolution to accept so much of the 50-foot wide strip "as may be needed for a public street" was adopted. The evidence further showed that the 20-foot wide strip was used by third-party plaintiffs in their business and that they maintained it. The testimony also established that although the village maintained and plowed snow on Jerome Place, these activities did not occur on the 20-foot wide strip.

Trial Term granted judgment in favor of third-party plaintiffs. Trial Term concluded that although no dedication of the 50-foot wide strip had occurred, the village had acquired a highway by prescription or user, but that the road was limited to that which the village had improved and maintained, which was north of the 20-foot wide strip in dispute. This appeal by the village followed.

We affirm. Even if we were to conclude that a dedication of a public street was accepted by the Village's resolution of April 17, 1946, we would not include the 20-foot wide strip at the northerly boundary of third-party plaintiffs' property in the property dedicated. The resolution accepted only so much of the 50-foot wide proposed road as was necessary for a public street and the record supports a finding that the 20-foot wide strip of the northerly boundary of third-party plaintiffs' property was not necessary for a public street. For example, Jerome Place functioned as an adequate public road for many years while third-party plaintiffs were using the 20-foot wide strip in their business. Thus, it is evident that the 20-foot wide strip was not necessary for a public street, and our concluding that a dedication was accepted by the resolution of April 17, 1946 would not provide a basis for granting the village the relief it seeks.

Likewise, even if a dedication was accepted by the village's

actions in improving and maintaining the roadway (see, e.g., 43 NY Jur 2d, Dedication, § 20, at 152-153), we would still be of the view that the 20-foot wide strip at the northerly end of third-party plaintiffs' property was not part of the property accepted. As enumerated more thoroughly below, there is no evidence to support the conclusion that the village maintained the 20-foot wide strip and, accordingly, any dedication with acceptance by conduct would not have encompassed this portion of the 50-foot wide strip.

We further conclude that the record supports Trial Term's determination that a highway was formed by prescription but that such highway did not include the 20-foot wide strip which third-party plaintiffs claim. A street within a village may be created by prescription or user (Village Law § 6-626; *Impastato v Village of Catskill,* 55 AD2d 714, 715, *affd* 43 NY2d 888), and the evidence established public use and maintenance and repair by the village sufficient to create a street by prescription. When a public road is established by prescription or user, its width is determined by the width of the improvement (*Schillawski v State of New York,* 9 NY2d 235, 238). Testimony at trial indicated that the public did not use the 20-foot wide strip at the northerly end of third-party plaintiffs' property, that the village did not maintain or repair this area and that third-party plaintiffs maintained and repaired this 20-foot wide strip. Thus, Trial Term properly determined that the width of the street created by prescription did not include the 20-foot wide strip at the northerly end of third-party plaintiffs' property. Accordingly, affirmance is warranted.

Judgment affirmed, with costs. Kane, J. P., Main, Mikoll and Harvey, JJ., concur.