■ ALBERT SILVERBERG et al., as Parents and Guardians of JASON SILVERBERG, Deceased, Respondents, v COMMUNITY GENERAL HOSPITAL OF SULLIVAN COUNTY et al., Appellants, et al., Defendant. [736 NYS2d 758] —Cardona, P.J. Appeal from an order of the Supreme Court (Meddaugh, J.), entered August 9, 2001 in Sullivan County, which, inter alia, denied certain defendants' motions to preclude plaintiffs from introducing expert witness testimony at trial.

Plaintiffs, the parents of Jason Silverberg who died on July 14, 1998, commenced this action seeking to recover damages for alleged medical malpractice and wrongful death. Following joinder of issue, certain defendants, in March 1999, served a demand for expert witness disclosure. Plaintiffs responded in May 1999 indicating that they had not yet retained an expert witness for trial. On December 13, 2000, plaintiffs filed a note of issue and certificate of readiness for trial. A trial date was set for September 4, 2001 and was later rescheduled to October 9, 2001.[1]

On March 14, 2001, defendant Mark Smith moved for summary judgment dismissing the complaint and all cross claims asserted against him or, alternatively, for an order pursuant to CPLR 3101 (d) (1) and the Third Judicial District Expert Disclosure Rule precluding plaintiffs from offering expert witness testimony at trial. Defendants Community General Hospital of Sullivan County, Kathleen Olsen, Margaret Edwards, Edna Doe and Eric T. Auguste also moved to, inter alia, preclude plaintiffs from introducing expert testimony at trial. Plaintiffs opposed the various motions and made a cross motion requesting Supreme Court to set a reasonable schedule for expert witness disclosure. Prior to Supreme Court's resolution of the motions, on June 14, 2001, plaintiffs served a response to defendants' expert disclosure demands. Thereafter, Supreme Court issued an order, inter alia, denying the motions for summary judgment and preclusion of plaintiffs' expert testimony. Defendants, with the exception of Auguste, appeal.

CPLR 3101 (d) (1) (i) was intended to provide timely disclosure of expert witness information between parties for the purpose of adequate and thorough trial preparation (*see, Bauernfeind v Albany Med. Ctr. Hosp.*, 195 AD2d 819, 820, *lv dismissed, lv denied* 82 NY2d 885). While a specific time frame is not set forth in that section, a trial court has discretion to preclude expert testimony for failure to reasonably comply with the statute (*see, id.; see also, Krajewski v Rosinski*, 212

---

1. The matter was subsequently rescheduled, at defendants' request, to February 25, 2002.

AD2d 886, 887). Before imposing the drastic remedy of preclusion, the court must consider the reasons for the delay and whether or not the failure to disclose was intentional (*see, Douglass v St. Joseph's Hosp.*, 246 AD2d 695, 696). Initially, there is no evidence in this record which suggests that plaintiffs' failure to disclose was willful or intentional. Furthermore, we cannot say that plaintiffs' reasons for the delay herein were unreasonable under the circumstances. We note that defendants failed to assert prejudice in their motion papers, nor did they assert that there was insufficient time to prepare for trial inasmuch as expert disclosure was made almost four months prior to the scheduled trial date. Upon this record, we do not find that Supreme Court abused its discretion in denying defendants' motions for preclusion pursuant to CPLR 3101.

Finally, we are unpersuaded by defendants' argument that, pursuant to the Third Judicial District Expert Disclosure Rule,[2] plaintiffs' failure to provide timely expert witness disclosure automatically resulted in preclusion and Supreme Court lacked discretion to permit disclosure after the filing of the note of issue. Although plaintiffs' counsel should have been familiar with the Third Judicial District rules, given the fact that there were nearly four months before the scheduled trial date, we find no reason to disturb Supreme Court's discretionary determination that preclusion was not warranted in this instance.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.

2. The Third Judicial District Expert Disclosure Rule states, in pertinent part, that: "Except as otherwise directed by the Court, a party who has the burden of proof on a claim, cause of action, damage or defense shall serve its response to an expert demand served pursuant to CPLR 3101 (d) on or before the filing of the note of issue, and sixty (60) days after receipt of that response, any opposing party shall serve its answering response pursuant to CPLR 3101 (d).* * * Unless the Court directs otherwise, a party who fails to comply with this rule is precluded from offering the testimony and opinions of the expert for whom a timely response has not been given.