In the Matter of MERRY JO BAUER et al., Respondents, v COUNTY OF TOMPKINS, Appellant. [870 NYS2d 131]—

Rose, J.

Petitioners, who own land adjoining a highway, commenced this consolidated action and proceeding challenging respondent's plan to reconstruct and widen the highway's driving lanes and shoulders. Petitioners allege that respondent failed to comply with the State Environmental Quality Review Act (*see* ECL art 8 [hereinafter SEQRA]), and their petition seeks annulment of respondent's legislative resolutions that approved an environmental assessment form (hereinafter EAF) containing a negative declaration of the project's environmental significance and a final design report (hereinafter FDR) reviewing the project's environmental impact. Also, their complaint seeks a declaration that respondent has no right to expand the width of the highway beyond the area actually used in the past. With its answer, respondent moved pursuant to CPLR 3211 for dismissal of the

complaint and petition, and for summary judgment on its counterclaim for a declaration that its highway right-of-way is at least three rods wide. Supreme Court denied respondent's motions, granted the petition and annulled the resolutions approving the EAF and FDR, finding that, among other things, the EAF does not include the FDR. As for the complaint, Supreme Court held that respondent's easement extends only to the width of past actual use, but found a question of fact as to the extent of such use.

Respondent appeals, contending initially that the width of its right-of-way was established as at least three rods by documentary evidence consisting of deeds and surveys of petitioners' properties. We agree that the survey maps do show such a right-of-way. The deeds themselves, however, extend each grantees' premises to the centerline of the road, they do not state the width of the actual roadway and they make the grantees' premises subject only to the rights of the public. Inasmuch as respondent's claim to the right-of-way is based solely on petitioners' own deeds and surveys, petitioners aptly cite the well-settled rule that "a deed with a reservation or exception by the grantor in favor of a third party, a so-called 'stranger to the deed', does not create a valid interest in favor of that third party" (*Matter of Estate of Thomson v Wade*, 69 NY2d 570, 573-574 [1987]; *Adirondack Park Agency v Bucci*, 2 AD3d 1293, 1294 [2003], *lv dismissed and denied* 3 NY3d 634 [2004]; *Carter v Heitzman*, 198 AD2d 649, 650 [1993], *lv denied* 83 NY2d 751 [1994]). Because the record here contains no grant of the right-of-way to respondent or its predecessor, the deeds making petitioners' properties subject to the rights of the public cannot create a valid interest in respondent's favor. Accordingly, Supreme Court correctly concluded that the road is a highway by use and is only as wide as its actual use for public travel (*see Schillawski v State of New York*, 9 NY2d 235, 238 [1961]; *Dutcher v Town of Shandaken*, 23 AD3d 781, 782 [2005]; *Jim May Pontiac Buick v Gleason*, 112 AD2d 618, 620 [1985]). Since the record further shows that the widths of the paved and ancillary areas of the highway vary or are in dispute, Supreme Court properly found a question of fact as to the width of the right-of-way.

We also agree with Supreme Court's finding that respondent's negative declaration failed to comply with SEQRA. Strict compliance with SEQRA's procedural mechanisms is mandated and anything less will result in annulment of the determination (*see Matter of King v Saratoga County Bd. of Supervisors*, 89 NY2d 341, 347 [1996]; *State of New York v Town of Horicon*, 46

AD3d 1287, 1290 [2007]; *Matter of Di Veronica v Arsenault*, 124 AD2d 442, 443-444 [1986]). As is relevant here, SEQRA requires the lead agency to "set forth its determination of significance in a written form containing a reasoned elaboration and providing reference to any supporting documentation" (6 NYCRR 617.7 [b] [4]). While the record reveals that respondent consulted with other agencies, held public hearings, adopted the EAF and accepted the FDR which elaborates upon the environmental concerns and adequately explains why the impacts were insufficient to warrant a positive declaration, Supreme Court correctly noted that the EAF does not include any such reasoned elaboration or make reference to the FDR or any other document as the basis for its negative declaration (*cf. Matter of Save Southard Rd. Neighborhood Coalition v Town of Saratoga Planning Bd.*, 35 AD3d 1017, 1020 [2006]; *Matter of Heritage Co. of Massena v Belanger*, 191 AD2d 790, 792 [1993]). Nor do the minutes of the meeting at which the EAF was approved reflect that, before doing so, respondent reviewed and accepted the contents of the environmental sections of the FDR as the basis for its negative declaration. As a result, although we do not agree with Supreme Court's further finding that respondent failed to designate itself as the lead agency as required by 6 NYCRR 617.6 (b) (2), we conclude that respondent failed to strictly comply with the requirement to set forth a reasoned elaboration of its negative declaration either in the EAF or by an express reference to other documents (*see Matter of New York City Coalition to End Lead Poisoning v Vallone*, 100 NY2d 337, 349-350 [2003]).

Peters, J.P., Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.