ANNA SCATURRO, Appellant, v JULIANNA R. SUTERA et al., Respondents. [870 NYS2d 143]—

Rose, J.

Plaintiff and defendant Julianna R. Sutera (hereinafter defendant) are sisters who received a parcel of real property from their mother as tenants in common. After defendant refused plaintiff's proposal that they sell the property outside the family, plaintiff agreed to sell her share of the property to defendant for one half of its assessed value. After conveying her interest, however, plaintiff commenced this action asserting claims of fraud, undue influence and breach of fiduciary duty based upon her allegation that defendant had misrepresented the market value of the subject property. Supreme Court granted defendants' motion for summary judgment dismissing the complaint, prompting this appeal.

In order to state a fraud cause of action, "a plaintiff must allege misrepresentation or concealment of a material fact, falsity, scienter by the wrongdoer, justifiable reliance on the deception, and resulting injury" (*Zanett Lombardier, Ltd. v Maslow*, 29 AD3d 495, 495 [2006]; *see Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 488 [2007]). We agree with Supreme Court that there are no facts in the record before us demonstrating that defendant misrepresented the value of the land in question, as she indicated its assessed value only and plaintiff does not dispute the accuracy of that representation. In addition, the element of

justifiable reliance is lacking here because the record shows that plaintiff did not rely on defendant's indication of the property's assessed value as a representation of its market value. Plaintiff testified that she believed the market value of the property was much higher than its assessed value, yet she agreed to the transfer at the lower amount in order to "get out of" the stalemate with her sister. Accordingly, Supreme Court properly dismissed the fraud cause of action.

As for plaintiff's contention that the deed should be set aside on the ground of undue influence, there is simply no evidence that plaintiff was "deprived of a meaningful choice respecting [her] decision to enter [into the] agreement" (*Goldberg v Moskowitz*, 262 AD2d 56, 57 [1999]; *see Matter of Chiurazzi*, 296 AD2d 406, 407 [2002]). Finally, plaintiff's reliance on *Birnbaum v Birnbaum* (73 NY2d 461 [1989]) to support her claim for breach of fiduciary duty is unavailing in the absence of any evidence of a partnership agreement between the parties here.

Mercure, J.P., Carpinello, Kane and Malone Jr., JJ., concur. Ordered that the order is affirmed, with costs.