Clearmont Property, LLC, Appellant, v Jacob Eisner et al., Respondents et al., Defendant. [872 NYS2d 725]—

Malone Jr., J. Appeal from an order of the Supreme Court (Sackett, J.), entered May 20, 2008 in Sullivan County, which, among other things, granted the cross motions of defendants Jacob Eisner, Melvin Fischman, Arnold Fischman and Machne Ohel Moshe D'Krasna to dismiss the complaint.

This action involves a dispute over certain real property located in the Town of Fallsburg, Sullivan County. In August 1990, the property, which was originally comprised of five separate lots, became subject to a consolidated mortgage lien held by defendant Jacob Eisner. When the owners of the property defaulted on the mortgage, Eisner sold the lien to Woodbridge Hotel, LLC by agreement dated March 17, 1999. Under the terms of that agreement, Woodbridge purchased the lien from Eisner for $100,000 and, further, agreed to foreclose on the consolidated mortgage, obtain title to all five lots and convey lots two and three to Eisner "no later than one (1) year following the date [of the agreement]." The conveyance of these lots was "personally, unconditionally and jointly guarantee[d]" by defendants Arnold Fischman and Melvin Fischman, as principals of Woodbridge. Woodbridge subsequently foreclosed on the mortgage (see *Woodridge Hotel v Hotel Lake House*, 281 AD2d 778 [2001]) and obtained title to all five lots by referee's deed dated November 13, 2000.

Notwithstanding the terms of the agreement, Woodbridge did not convey lots two and three to Eisner but, instead, conveyed the entire property by quitclaim deed, recorded on December 21, 2001, to defendant Machne Ohel Moshe D'Krasna (hereinafter Machne Ohel), a religious corporation. The deed contained a provision under which Machne Ohel "acknowledge[d] a claim to the subject property by [Eisner] only with respect to the portion of the premises lying north of Lake House Road and west of Clearmont Road," which consisted of lots two and three. Eisner apparently agreed to this arrangement to avoid paying real property taxes. Thereafter, by agreement dated June 23, 2004,

Eisner sold lots two and three to Daniel Senter for $100,000. In accordance with that agreement, Senter gave Eisner a $10,000 down payment upon signing, which was placed in escrow, and the remaining $90,000 was to be paid at the time of closing. Machne Ohel, however, apparently refused to execute a deed conveying lots two and three to Eisner. As a result, Eisner contacted Senter to cancel the contract and return the down payment. Senter, in turn, advised Eisner that he did not wish to cancel the contract and resubmitted the down payment. In August 2007, Senter assigned his interest in lots two and three to plaintiff.

On October 4, 2007, after learning that defendant David Tabak was planning to construct a development on these lots, plaintiff commenced this action alleging 15 separate claims against Eisner, the Fischmans, Machne Ohel (hereinafter collectively referred to as defendants) and Tabak.* In conjunction therewith, plaintiff brought on an order to show cause seeking, among other things, enforcement of the June 2004 agreement and injunctive relief. Defendants cross-moved for dismissal of the complaint. Plaintiff, in turn, cross-moved to disqualify Eisner's attorney. Supreme Court, among other things, granted defendants' cross motions and dismissed the complaint in its entirety. This appeal by plaintiff ensued.

Initially, we are mindful that, on a motion to dismiss, "a court should construe the pleadings liberally, accept the allegations as true and afford [plaintiff] the benefit of every possible inference to determine whether the facts alleged fit within a cognizable legal theory" (*T. Lemme Mech., Inc. v Schalmont Cent. School Dist.*, 52 AD3d 1006, 1008 [2008]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). Evaluating the complaint in this light, we find that Supreme Court erred in dismissing plaintiff's causes of action premised upon the June 2004 agreement between Eisner and Senter. In this regard, we note that plaintiff has alleged that Eisner was the true grantee under the quitclaim deed to Machne Ohel of lots two and three. Generally, "a deed with a reservation or exception by the grantor in favor of a third party, a so-called 'stranger to the deed', does not create a valid interest in favor of that third party" (*Matter of Estate of Thomson v Wade*, 69 NY2d 570, 573-574 [1987]; *see Matter of Bauer v County of Tompkins*, 57 AD3d 1151, 1152 [2008]). There is an exception to this general rule, however, when the third party is found to be the real grantee under the deed (*see Nield v Jupiter*, 175 App Div 732, 734 [1916], *affd* 226 NY 594 [1919]).

Here, although Eisner is a stranger to the quitclaim deed

---

* Tabak has not appeared in this action.

conveying the property from Woodbridge to Machne Ohel, plaintiff has alleged facts sufficient to demonstrate that Eisner was the true grantee of lots two and three. Specifically, plaintiff has alleged that Eisner agreed to the conveyance with the understanding that he would maintain ownership of lots two and three, that Eisner's attorney recorded the deed and, finally, that a representative of Machne Ohel recognized that lots two and three belonged to Eisner. If the allegations were to establish that Eisner was the true grantee of the subject property, then he was authorized to convey his interest to Senter under the June 2004 agreement.

"The elements of a cause of action for breach of contract are (1) formation of a contract between plaintiff and defendant; (2) performance by plaintiff; (3) defendant's failure to perform; and (4) resulting damage" (*Hecht v Components Intl., Inc.*, 22 Misc 3d 360, 364 [2008] [citations omitted]). Here, plaintiff has alleged the existence of the June 2004 agreement, performance by its assignor, Senter, by the tendering of a deposit, Eisner's failure to convey title and resulting damage. Accordingly, plaintiff has successfully stated a claim for breach of the June 2004 agreement, for which it may seek specific performance, and Supreme Court erred in dismissing plaintiff's first and second causes of action premised thereupon.

We also find that plaintiff's ninth cause of action sufficiently stated a claim against Machne Ohel and the Fischmans for tortious interference with the June 2004 agreement. "[T]o sustain a claim for tortious interference with a contract, it must be established that a valid contract existed which a third party knew about, the third party intentionally and improperly procured the breach of the contract and the breach resulted in damage to the plaintiff" (*Bradbury v Cope-Schwarz*, 20 AD3d 657, 659 [2005]). Here, in his affidavit in support of plaintiff's order to show cause, Senter averred that Machne Ohel knew about the June 2004 agreement under which he was to purchase the subject property from Eisner. Indeed, the quitclaim deed under which Machne Ohel took title contained a specific acknowledgement regarding Eisner's interest in lots two and three. According to Senter, a representative of Machne Ohel knew that the subject property belonged to Eisner, but deliberately refused to effectuate a transfer for religious reasons related to the proposed development of the area in which his organization operated an exclusively male summer camp. Inasmuch as the foregoing was sufficient to state a claim for tortious interference with contractual relations, plaintiff's ninth cause of action should not have been dismissed.

However, we agree with Supreme Court that plaintiff's causes of action sounding in fraud fail to state a claim (*see* CPLR 3211 [a] [7]). "The elements of fraud require plaintiff to demonstrate that defendant[ ] knowingly misrepresented a material fact with the intent to deceive plaintiff and, after having justifiably relied upon such misrepresentation, plaintiff experienced pecuniary loss" (*State of New York v Industrial Site Servs., Inc.*, 52 AD3d 1153, 1157 [2008] [citations omitted]). However, "if the facts represented are not matters peculiarly within the party's knowledge, and the other party has the means available to him [or her] of knowing, by the exercise of ordinary intelligence, the truth . . . of the representation, he [or she] must make use of those means, or he [or she] will not be heard to complain that he [or she] was induced to enter into the transaction by misrepresentations" (*Schumaker v Mather*, 133 NY 590, 596 [1892]; *see Tanzman v La Pietra*, 8 AD3d 706, 707 [2004]; *Cohen v Colistra*, 233 AD2d 542, 543 [1996]).

Here, plaintiff alleged that when Senter entered into the June 2004 agreement, Eisner represented that he owned the property and that Senter relied upon this representation to his detriment. The June 2004 agreement, however, explicitly stated that the "property [was] tax exempt," thus raising a question as to the reason for the property's tax exempt status. Senter did not explore this until he had a title search done after the agreement was signed and learned that Machne Ohel, a tax exempt entity, held legal title to the property. Inasmuch as the true facts concerning the legal ownership of the property were easily ascertainable by reference to public records prior to Senter's execution of the contract, plaintiff's causes of action sounding in fraud were properly dismissed.

Likewise, we find that Supreme Court properly dismissed plaintiff's causes of action premised upon breach of the March 1999 agreement between Woodbridge and Eisner. Based upon this agreement, plaintiff sought to impose personal liability upon the Fischmans alleging that they breached their personal guarantee to convey the property to Eisner. Under the terms of that agreement, the Fischmans agreed to convey lots two and three to Eisner by March 17, 2000. Woodbridge, however, did not have legal title until November 13, 2000 due to foreclosure proceedings and, consequently, the Fischmans could not, as principals of Woodbridge, perform their obligation to convey the property until that time. When the Fischmans did not convey the property on November 14, 2000, breach of their contractual obligation accrued. The six-year contractual statute of limitations period expired on November 14, 2006 (*see* CPLR 213 [2]),

nearly one year before this action was commenced. Consequently, this claim was clearly time-barred (*see Sitkiewicz v County of Sullivan*, 256 AD2d 884, 885 [1998], *appeal and lv dismissed* 93 NY2d 908 [1999]; *Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 402 [1993]) and was properly dismissed.

Upon reviewing plaintiff's numerous other claims, we find that they were properly dismissed as well. Likewise, we find no error in Supreme Court's failure to disqualify Eisner's attorney from further representation under the circumstances presented. We have considered plaintiff's remaining contentions and find them to be unavailing.

Mercure, J.P., Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the cross motions of defendants Jacob Eisner, Melvin Fischman, Arnold Fischman and Machne Ohel Moshe D'Krasna to dismiss the first, second and ninth causes of action of the complaint; said cross motions denied to that extent; and, as so modified, affirmed.