■ BARBARA LaFURGE, Appellant, v RICHARD COHEN et al., Respondents. [876 NYS2d 391]—

Judgment, Supreme Court, New York County (Lottie E. Wilkins, J.), entered May 14, 2007, upon a jury verdict in defendants' favor, unanimously affirmed, without costs.

The trial court providently exercised its discretion in precluding testimony from plaintiff's expert oncologist regarding a new theory of liability that plaintiff failed to timely disclose and which was not apparent from her prior expert disclosures. Although CPLR 3101 (d) (1) does not establish a specific time frame for expert witness disclosure, a trial court has discretion to preclude expert testimony for failure to comply with the statute. Here, plaintiff failed to timely serve her supplemental expert disclosure or provide an adequate explanation for the delay (*see Lucian v Schwartz*, 55 AD3d 687, 688 [2008], *lv denied* 12 NY3d 703 [2009]; *Durant v Shuren*, 33 AD3d 843 [2006]).

Nor did the trial court improvidently exercise its discretion in precluding plaintiff's expert medical physicist from testifying regarding the biological equivalent dose (BED) of the high dose rate radiation brachytherapy administered to plaintiff. The expert is not a medical doctor and had no experience calculating

the BED under the specific and unique circumstances involved in treating plaintiff's rare illness. The calculation involved required specialized medical knowledge in order to impute certain values to the type of tissue and the tumor being treated (*see de Hernandez v Lutheran Med. Ctr.*, 46 AD3d 517, 518 [2007]; *Postlethwaite v United Health Servs. Hosps.*, 5 AD3d 892, 895-896 [2004]; *Jordan v Glens Falls Hosp.*, 261 AD2d 666, 667 [1999]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Andrias, J.P., Friedman, McGuire and Moskowitz, JJ.