UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-1495

CYNTHIA DONN TESSLER,

              Plaintiff - Appellant,

        v.

NATIONAL BROADCASTING COMPANY, INCORPORATED,

              Defendant - Appellee.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Raymond A. Jackson, District
Judge.  (2:08-cv-00234-RAJ-TEM)

Submitted:  December 16, 2009      Decided:  February 4, 2010

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Duncan G. Byers, DUNCAN G. BYERS, P.C., Norfolk, Virginia, for
Appellant. Stephen E. Noona, R. Johan Conrod, Jr., KAUFMAN &
CANOLES, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cynthia Donn Tessler appeals the district court's order dismissing her complaint against National Broadcasting Company, Incorporated ("NBC") for failure to state a claim, Fed. R. Civ. P. 12(b)(6). Tessler, an independent producer residing in Norfolk, Virginia, developed a program entitled "Parenting Your Parent," which relates to issues involving adult children caring for their elderly parents. Tessler asserts that an NBC Nightly News segment entitled "Trading Places" directly copied, without authorization, Tessler's original "Parenting Your Parent" materials. In her complaint, Tessler alleged copyright infringement ("Count I"), breach of contract ("Count II"), breach of implied contract ("Count III"), and conversion ("Count IV"). On appeal, Tessler challenges only the district court's disposition of Counts I and II. For the following reasons, we affirm.

This court reviews de novo a district court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, a plaintiff must "'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89,

2

93 (2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (alterations omitted).  The facts alleged must "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 555, 570.

The district court properly considered material contained on MSNBC.com in dismissing Count I because the website was referenced in Tessler's complaint.  A court may consider a document that the defendant attaches to its motion to dismiss if the document "was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity."  Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) (internal quotation marks and alterations omitted).  Nor did the district court abuse its discretion in rejecting Tessler's challenge to the authenticity of the material contained on the website.  See General Elec. Co. v. Joiner, 522 U.S. 136, 141 (1997) (holding a district court's evidentiary rulings are reviewed for abuse of discretion).

We further find that the district court properly dismissed Count II.  A federal court sitting in diversity must apply the choice of law rules of the forum state.  CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co., 566 F.3d 150, 154 (4th Cir. 2009).  Under state law, "Virginia adheres to the use of

3

traditional rules applicable to conflicts of laws[:] . . . questions of substantive law are governed by the law of the place of the transaction or the place where the right is acquired." Frye v. Commonwealth, 345 S.E.2d 267, 272 (Va. 1986) (citations omitted).

As the district court noted, "[i]t is not clear where the offer was made; however, both New York and Virginia law essentially require the same elements for a legally enforceable contract." To establish a breach of contract claim, a plaintiff must prove: "(1) a legally enforceable obligation of [the] defendant to [the] plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." Filak v. George, 594 S.E.2d 610, 614 (Va. 2004); see also Clearmont Prop., LLC v. Eisner, 872 N.Y.S.2d 725, 728 (N.Y. App. Div. 2009). In order to prove a contract, a party must prove an offer and acceptance of that offer. Snyder-Falkinham v. Stockburger, 457 S.E.2d 36, 39 (Va. 1995); Kowalchuck v. Stroup, 873 N.Y.S.2d 43, 46 (N.Y. App. Div. 2009). Because Tessler failed to allege that she accepted NBC's offer to use her materials, the district court correctly dismissed Count II.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before the court and argument would not aid the decisional process.

AFFIRMED