■ JOHN MCCOLGAN, Respondent, v DONALD BREWER et al., Defendants, and PHILIP KIRSCHNER, Appellant. [923 NYS2d 276]—

Stein, J. Appeal from an order of the Supreme Court (Zwack, J.), entered July 2, 2010 in Ulster County, which, among other things, granted plaintiff's cross motion for partial summary judgment on the issue of whether certain real property is benefitted by a particular right-of-way.

In 1953, a parcel of real property in the Town of Rosendale, Ulster County owned by Edith Kelley was divided by the construction of the New York State Thruway. As a result, the portion of Kelley's parcel east of the Thruway, together with several neighboring properties, became landlocked. Rose Klepeis, the owner of the property immediately south of Kelley's landlocked property, entered into a series of right-of-way agreements with her northerly neighbors, including Kelley, to gain access to State Route 32 via a private road, known as Alberts Lane.[1] In 2005, Kelley's daughter, who had inherited the property upon Kelley's death, sold both the westerly and easterly portions of Kelley's original parcel to plaintiff.

Before he purchased the subject property, plaintiff retained the services of defendants Rothe Engineering & Construction and Donald Brewer to conduct a survey of the property. Plaintiff

---

1. The right-of-way agreements provided, in relevant part, that the owner of the property "does hereby grant, release and convey unto [Klepeis] a perpetual and unobstructed right-of-way and easement 50 feet in width over said premises[, which] shall at all times hereafter be kept open and unobstructed as a highway for the use and benefit of the properties owned by the parties hereto, as well as other parties, and the owners and occupants thereof, as a means of ingress and egress, by foot or vehicle."

also retained defendant Philip Kirschner to determine if the easterly portion of the property had access to State Route 32 via Alberts Lane. Plaintiff obtained insurance from defendant Chicago Title Insurance Company through its local agent, Abbacy Abstract, in order to insure against any losses that he would incur if the landlocked portion of the property did not have access to the public roadway. Plaintiff thereafter successfully had the zoning of the property amended so that he could develop and use it as a pipe yard for his underground utility pipe business. Plaintiff was subsequently informed that the right-of-way over Alberts Lane did not benefit the landlocked portion of his property and filed a claim under the insurance policy, which Chicago Title rejected.

Plaintiff commenced this action for negligence and breach of contract against Brewer and for legal malpractice against Kirschner based on their alleged representations that the landlocked portion of the property was benefitted by the existing right-of-way. Plaintiff subsequently amended his complaint to add causes of action for breach of contract against Rothe Engineering and Chicago Title, as well as a fraud claim against Chicago Title. Chicago Title moved for summary judgment seeking dismissal of plaintiff's complaint on the ground that the right-of-way agreements entered into by Klepeis did benefit plaintiff's landlocked property. Plaintiff cross-moved for partial summary judgment for a determination that his landlocked property was not benefitted by the right-of-way. Kirschner then moved to preclude certain expert testimony identified in plaintiff's supplemental expert disclosure and plaintiff cross-moved for costs and sanctions against Kirschner for filing a frivolous motion. Supreme Court denied Chicago Title's motion for summary judgment, granted plaintiff's cross motion for partial summary judgment and denied the cross motions relating to the expert disclosure. Kirschner now appeals.

Kirschner's contention that, when viewed together, the subject right-of-way agreements evince an intent to benefit plaintiff's property is unavailing. A party cannot reserve an easement over another's property in favor of a third party who is not a party to the agreement (*see Matter of Estate of Thomson v Wade*, 69 NY2d 570, 573-574 [1987]; *compare Clearmont Prop., LLC v Eisner*, 58 AD3d 1052, 1054-1055 [2009]; *Matter of Bauer v County of Tompkins*, 57 AD3d 1151, 1152 [2008]). Here, Klepeis is the only grantee in the agreements and Kelley's involvement is limited to that of a grantor of a right-of-way over her own property. As neither Kelley nor her successors in interest were grantees with respect to the right-of-way agreements

with the other landowners, such agreements do not benefit the landlocked portion of plaintiff's property as a matter of law (see generally Matter of Estate of Thomson v Wade, 69 NY2d at 573-574; Clearmont Prop., LLC v Eisner, 58 AD3d at 1054; Matter of Bauer v County of Tompkins, 57 AD3d at 1152).[2]

Furthermore, when the construction of the Thruway caused the subject property to become landlocked, the surrounding land was owned by different owners. As there was no unity and subsequent severance of title, plaintiff's landlocked property cannot benefit from an easement by necessity or an easement by implication (see Lew Beach Co. v Carlson, 77 AD3d 1127, 1129-1130 [2010]; Sadowski v Taylor, 56 AD3d 991, 993 [2008]; compare Thomas Gang, Inc. v State of New York, 19 AD3d 861, 862 [2005]). Nor can plaintiff, who acquired the property in 2005, demonstrate use of the right-of-way for the requisite 10-year period in order to establish an easement by prescription (see Lew Beach Co. v Carlson, 77 AD3d at 1128; Sadowski v Taylor, 56 AD3d at 994; Weir v Gibbs, 46 AD3d 1192, 1193 [2007]), as there is no evidence that any of plaintiff's predecessors in interest used the right-of-way. Finally, plaintiff's landlocked property was not part of a common scheme or subdivision necessary to show that the right-of-way was intended to benefit it (see Steinmann v Silverman, 14 NY2d 243, 246 [1964]; Palma v Mastroianni, 276 AD2d 894, 894-895 [2000]; Heim v Conroy, 211 AD2d 868, 870 [1995]). Accordingly, Supreme Court properly determined that the landlocked portion of plaintiff's property was not benefitted by the existing right-of-way as a matter of law and granted plaintiff's cross motion for partial summary judgment.

Kirschner also contends that Supreme Court should have precluded plaintiff from offering proof from certain experts identified in his supplemental expert disclosure because, among other things, plaintiff failed to obtain the court's prior approval to supplement his original expert disclosure[3] and failed to provide sufficiently detailed information regarding the expert

___

**2.** Kirschner's reliance on the language in the agreements providing that the rights-of-way granted therein are "for the use and benefit of the properties owned by the parties [thereto], as well as other parties" (emphasis added) is misplaced. Such commonly used language is merely an indication that the right-of-way is not for the exclusive use of the grantee insofar as the grantor has either already conveyed rights-of-way over the same lands by some other instrument or is reserving the right to do so in the future.

**3.** Kirschner argues that such approval is required by the Third Judicial District expert disclosure rule, which provides, in pertinent part, as follows: "[A] party . . . shall serve its response to an expert demand . . . on or before the filing of the Note of Issue . . . Any amended or supplemental expert

proof (*see* CPLR 3101 [d] [1] [i]). The expert disclosure requirements are "intended to provide timely disclosure of expert witness information between parties for the purpose of adequate and thorough trial preparation" (*Silverberg v Community Gen. Hosp. of Sullivan County*, 290 AD2d 788, 788 [2002]). Although failure to comply with those requirements may warrant the sanction of preclusion if there is prejudice and a willful failure to disclose (*see Harrington v Palmer Mobile Homes, Inc.*, 71 AD3d 1274, 1275 [2010]; *Mead v Dr. Rajadhyax' Dental Group*, 34 AD3d 1139, 1140 [2006]; *Silverberg v Community Gen. Hosp. of Sullivan County*, 290 AD2d at 788-789), trial courts are "vested with broad discretion in addressing expert disclosure issues" (*Gross v Sandow*, 5 AD3d 901, 902 [2004], *lv dismissed and denied* 3 NY3d 735 [2004]; *see Harrington v Palmer Mobile Homes, Inc.*, 71 AD3d at 1275; *Ennis-Short v Ostapeck*, 68 AD3d 1399, 1401 [2009]; *Adams v Back*, 64 AD3d 1070, 1072-1073 [2009]).

Here, in response to Kirschner's expert disclosure demand, plaintiff initially disclosed several experts, including Kenneth Ayers, whom plaintiff expected to testify about the lack of a right-of-way to his landlocked property. Thereafter, plaintiff submitted a second expert disclosure which indicated, among other things, that Ayers was also expected to testify about the standard of care applicable to Kirschner. Following his receipt of the supplemental disclosure, Kirschner's counsel sent a letter to plaintiff's counsel noting his objections to such disclosure and, thereafter, filed the motion to preclude plaintiff's expert testimony. At the time the supplemental expert disclosure was served, a note of issue had not yet been filed. Moreover, Kirschner failed to demonstrate that plaintiff's actions were willful or that he was prejudiced thereby. Under these circumstances, we find no abuse of Supreme Court's discretion in denying Kirschner's motion to preclude.

Kirschner's remaining contentions have been considered and are without merit.

Mercure, J.P., Rose, Malone Jr. and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs. **[Prior Case History: 28 Misc 3d 1221(A), 2010 NY Slip Op 51421(U).]**

---

disclosure shall be allowed only with the permission of the [c]ourt. Unless the [c]ourt directs otherwise, a party who fails to comply with this rule is precluded from offering the testimony and opinions of the expert for whom a timely response has not been given."