Scudder, P.J., and Smith, J.
(dissenting). We respectfully dissent because we cannot agree with the majority that Supreme Court abused its discretion in precluding plaintiffs expert from rendering an opinion that exceeded the scope of the expert disclosure statement plaintiff provided to defendants during pretrial discovery and thus that reversal on the law is warranted (see e.g. McColgan v Brewer, 84 AD3d 1573 [2011]; Neumire v Kraft Foods, 291 AD2d 784, 786 [2002], lv denied 98 NY2d 613 [2002]). Nor can it be said that the court improvidently exercised its discretion so as to warrant reversal in the *1713 exercise of our discretion (see e.g. Ryan v St. Francis Hosp., 62 AD3d 857 [2009], lv denied 13 NY3d 708 [2009]; LaFurge v Cohen, 61 AD3d 426 [2009], lv denied 13 NY3d 701 [2009]).
The expert disclosure requirements of CPLR 3101 (d) are “intended to provide timely disclosure of expert witness information between parties for the purpose of adequate and thorough trial preparation” (Silverberg v Community Gen. Hosp. of Sullivan County, 290 AD2d 788, 788 [2002]; see McColgan, 84 AD3d at 1576), and “trial courts are ‘vested with broad discretion in addressing expert disclosure issues’ ” (McColgan, 84 AD3d at 1576). We acknowledge that the extremely generalized allegations set forth in the complaint included allegations that Clyde Satterly, M.D. (defendant), inter alia, failed “to properly and adequately treat plaintiffs condition”; failed “to provide and afford proper and careful medical care”; and failed “to properly monitor plaintiffs condition during the course of treatment.” The bill of particulars, however, narrowed the scope of the alleged malpractice to events occurring on May 10, 2006, the date on which defendant prescribed Zyprexa, which is the drug that allegedly caused plaintiff to develop, inter alia, neuroleptic malignant syndrome. In the bill of particulars, plaintiff limited his theories of negligence to those that related to the initial prescribing of Zyprexa. It is well established that “[t]he purpose of a bill of particulars is to amplify the pleadings, limit proof, and prevent surprise at trial” (Mayer v Hoang, 83 AD3d 1516, 1517 [2011] [internal quotation marks omitted]; see Lamb v Rochester Gen. Hosp., 130 AD2d 963 [1987]). We thus conclude that, by limiting the theories of negligence in the bill of particulars, plaintiff abandoned the generalized, boilerplate allegations in the complaint that were not related to the initial prescribing of Zyprexa.
In his expert witness disclosure, plaintiff stated that the subject matter of the expert’s testimony would relate, inter alia, to “the treatment rendered to plaintiff ... in prescribing Zyprexa” (emphasis added); “the lack of adequate warnings regarding the risks of taking Zyprexa”; “the lack of informed consent”; and “the standard of care for physicians prescribing Zyprexa and [defendant’s] deviation from the standard of care.” Thus, the expert’s opinions were to be limited to purported errors in the initial prescribing of the drug. At trial, however, plaintiff’s attorney sought to elicit opinions on theories of negligence not advanced in either the bill of particulars or the expert witness disclosure. We therefore conclude that the court properly precluded plaintiff’s expert from testifying with respect to those additional theories of liability (see e.g. Ryan, 62 *1714 AD3d 857; LaFurge, 61 AD3d 426; Desert Storm Constr. Corp. v SSSS Ltd. Corp., 18 AD3d 421, 422 [2005]; Lidge v Niagara Falls Mem. Med. Ctr. [appeal No. 2], 17 AD3d 1033, 1035 [2005]). Contrary to the position of the majority, we conclude that the proposed testimony was in fact so inconsistent with the theories of malpractice advanced in the bill of particulars and expert witness disclosure that preclusion was warranted on the ground that plaintiff misled defendant to believe that his theories of malpractice were limited to acts or omissions occurring in the initial prescribing of Zyprexa (cf. Stevens v Atwal [appeal No. 2], 30 AD3d 993, 994-995 [2006]; Neumire, 291 AD2d at 786; Maldonado v Cotter, 256 AD2d 1073, 1074 [1998]; Andaloro v Town of Ramapo, 242 AD2d 354, 355 [1997], lv denied 91 NY2d 808 [1998]). There is no indication in the record before us that defendant was alerted to the additional theories plaintiff sought to introduce at trial. Allowing plaintiff to introduce such evidence concerning those additional theories therefore would have resulted “in a significant and impermissible change of the theory of plaintiffs case . . . , thereby significantly prejudicing defendant” (Conroe v Barmore-Sellstrom, Inc., 12 AD3d 1121, 1123 [2004]). Present — Scudder, P.J., Smith, Garni, Sconiers and Green, JJ.