■ 1861 CAPITAL MASTER FUND, LP, Appellant, v WACHOVIA CAPITAL MARKETS, LLC, Respondent. 1861 CAPITAL MASTER FUND, LP, Respondent-Appellant, v WACHOVIA CAPITAL MARKETS, LLC, Appellant-Respondent. [944 NYS2d 121]—

Orders, Supreme Court, New York County (Bernard J. Fried, J.), entered August 5, 2011 and August 8, 2011, which, insofar as appealed from, denied that part of the motion of defendant Wachovia Capital Markets, LLC for partial summary judgment dismissing the claim of plaintiff 1861 Capital Master Fund, LP for consequential damages, granted that part of Wachovia's mo-

tion seeking dismissal of 1861 Capital's claim for the initial $250,000 commitment fee paid by 1861 Capital to Wachovia, and denied in part plaintiff's motion for summary judgment on the issue of liability, unanimously modified, on the law, to the extent of granting 1861 Capital summary judgment on the issue of liability with damages recoverable to extent it can be shown that 1861 Capital was ready, willing and able to perform, and otherwise affirmed, without costs. Order, same court and Justice, entered November 16, 2011, which granted Wachovia's motion to preclude the report of 1861 Capital's damages expert to the extent of limiting 1861 Capital's use of the report to the way damages were originally proposed and asserted, unanimously affirmed, with costs. Order, same court and Justice, entered December 22, 2011, which denied plaintiff's motion to vacate the November 16 ruling, unanimously affirmed, with costs.

In this action involving Wachovia's alleged breach of its obligations to fund a municipal bond repurchase credit facility, the terms of the subject agreements do not clearly, explicitly and unambiguously express an exclusion of the recovery lost profit consequential damages. Rather, the record presents factual issues as to whether such damages were fairly contemplated by the contracting parties in the event of a breach (see *Awards.com v Kinko's, Inc.*, 42 AD3d 178, 183 [2007], *lv dismissed* 9 NY3d 1025 [2008]; *see also Gosden v Elmira City School Dist.*, 90 AD3d 1202, 1204 [2011]).

Contrary to the finding of the motion court, the evidence established that Wachovia's breach of the pricing provision of the parties' Master Repurchase Agreement was material. Accordingly, Wachovia is liable for damages to the extent that 1861 Capital can show that but for the breach, "it would have been ready, willing and able to fulfill its obligations under the contract" (*Ross Bicycles v Citibank*, 200 AD2d 379, 380 [1994]).

However, dismissal of 1861 Capital's claim for the initial commitment fee was proper. There is a lack of evidence that Wachovia breached any duty in connection with the initial term of the agreement or that the renewed amended agreement and the initial agreement should be considered as one.

The court providently exercised its discretion in precluding the use of the report of 1861 Capital's damages expert to the extent it set forth a new theory of damages. 1861 Capital failed to timely disclose the new theory and failed to provide an adequate explanation for the delay (*see LaFurge v Cohen*, 61 AD3d 426 [2009], *lv denied* 13 NY3d 701 [2009]). Concur—Tom, J.P., Andrias, Renwick, DeGrasse and Abdus-Salaam, JJ. **[Prior**

**Case History: 32 Misc 3d 1228(A), 2011 NY Slip Op 51483(U).]**