Stein, J.P
Appeal from an amended order of the Supreme *1192 Court (Zwack, J.), entered May 9, 2012 in Ulster County, which granted a motion by defendant Chicago Title Insurance Company for summary judgment dismissing the complaint and cross claims against it.
The underlying facts of this case are more fully set forth in our prior decisions (84 AD3d 1573 [2011]; 75 AD3d 876 [2010]). Briefly, in April 2005, plaintiff purchased property that included a landlocked 10-acre parcel of land in the Town of Rosendale, Ulster County, to which access from Route 32 depends upon a right-of-way (hereinafter ROW) over certain adjoining properties. In connection with that purchase, plaintiff was represented by defendant Philip Kirschner, who retained Abbacy Abstract to procure a title insurance policy. Ultimately, plaintiff purchased a policy through Abbacy from defendant Chicago Title Insurance Company, which insured against, among other things, loss or damage resulting from a lack of access to and from the property. Thereafter, in connection with zoning applications made by plaintiff, Kirschner obtained documents from Abbacy with respect to the policy and the ROW When plaintiff’s use of the ROW was challenged by his neighbor the following year, Kirschner contacted Abbacy to discuss the ROW. Plaintiff eventually filed a claim with Chicago Title under the title insurance policy. Upon Chicago Title’s rejection of the claim, plaintiff commenced actions — which were subsequently consolidated and amended — asserting, as pertinent here, claims against Chicago Title for breach of contract and fraud.
Following this Court’s affirmance of a determination of Supreme Court that plaintiffs parcel was not benefitted by the ROW (84 AD3d 1573, supra) and settlement of plaintiffs breach of contract claim against Chicago Title (as well as various claims brought by plaintiff against other parties), Chicago Title moved for summary judgment dismissing, among other things, the fraud claim. Supreme Court granted that motion, prompting this appeal by plaintiff.
We affirm. The essence of plaintiffs fraud claim is that, after the title insurance policy was issued and questions arose regarding plaintiffs access to the ROW, Abbacy, as an agent of Chicago Title, continued to represent to Kirschner that plaintiff was entitled to the benefit of the ROW and that this representation was made with knowledge of its falsity for the purpose of inducing plaintiff to refrain from filing a claim pursuant to the title insurance policy. Supreme Court found that Chicago Title was entitled to judgment dismissing the claim because Abbacy was not acting within the scope of its authority when it made the subject representations. Based upon our view of the record, we *1193 find that, even if Abbacy did have authority to act as an agent of Chicago Title, Chicago Title established the absence of fraud on Abbacy’s part as a matter of law and we affirm the dismissal of that cause of action on that basis.
“ ‘The elements of a cause of action for fraud [are] a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages’ ” (Maki v Bassett Healthcare, 85 AD3d 1366, 1369 [2011], appeal dismissed 17 NY3d 855 [2011], lv dismissed and denied 18 NY3d 870 [2012], quoting Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]; see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 178 [2011]; DerOhannesian v City of Albany, 110 AD3d 1288 [2013]; Lusins v Cohen, 49 AD3d 1015, 1017 [2008]). Here, in support of its motion, Chicago Title submitted proof in the form of deposition testimony and affidavits establishing that, after plaintiffs rights with respect to the ROW came into question, Theresa Larios (one of Abbacy’s owners) and Michael Rowe (a title searcher for Abbacy) reviewed the relevant documents, discussed the matter and concluded that plaintiffs claim to use the ROW was valid. Additionally, Rowe ultimately met with Kirschner to discuss the issue and both independently reached the same conclusion. Both Rowe and Larios denied any attempt to convince Kirschner of their opinion and uniformly indicated that they arrived at such opinion based upon a sincere belief that plaintiff had a legally enforceable ROW
Moreover, the record establishes that Kirschner — an experienced real estate attorney — undertook an independent examination of the documents and drew his own conclusion that the ROW benefitted plaintiff’s parcel. Notably, plaintiff testified that he held off filing suit because Kirschner was “so confident” as to the validity of the ROW. Notwithstanding the fact that the representation made by Abbacy (conveying an opinion shared by Kirschner) was ultimately deemed to be incorrect (84 AD3d at 1574-1575), other independent experts — a title searcher/ insurer and a seasoned real-estate attorney — also reviewed the relevant documents in connection with the prior motions and opined that plaintiff had a legally enforceable ROW. Based upon the foregoing, Chicago Title met its threshold burden of establishing a lack of knowledge of the falsity of Abbacy’s representations and the absence of reliance by plaintiff thereon (see Scaturro v Sutera, 57 AD3d 1283, 1283-1284 [2008]), shifting the burden to plaintiff to establish the existence of a triable issue of fact (see Stollsteimer v Kohler, 77 AD3d 1259, 1260 [2010]).
*1194 Nothing presented by plaintiff in opposition to Chicago Title’s motion would allow a reasonable inference either that Abbacy employees knew that their representations regarding the ROW were false or that plaintiff relied on them (see Waterscape Resort LLC v McGovern, 107 AD3d 571, 572 [2013]; Scaturro v Sutera, 57 AD3d at 1283; see also Van Kleeck v Hammond, 25 AD3d 941, 943 [2006]). In fact, plaintiff testified that he could not recall any specific conversation in which he was given information by Abbacy for the purpose of inducing him to refrain from filing a claim against Chicago Title and that he had no knowledge — as opposed to pure speculation — as to Abbacy’s motivation to be untruthful. Accordingly, even when we view the evidence in the light most favorable to plaintiff and give him the benefit of all reasonable inferences that can be drawn therefrom (see Carey v Schwab, 108 AD3d 976, 978 [2013]; Beckerleg v Tractor Supply Co., 107 AD3d 1208, 1209 [2013]), we find that plaintiff failed to raise a triable issue of fact sufficient to defeat summary judgment dismissing the fraud claim.* Therefore, we need not consider plaintiff’s contentions regarding Abbacy’s authority to act on Chicago Title’s behalf. To the extent not specifically addressed herein, plaintiff’s remaining claims have been examined and are either academic or lacking in merit.
McCarthy, Spain and Egan Jr., JJ., concur. Ordered that the amended order is affirmed, with costs.

 Insofar as plaintiff challenges Chicago Title’s conduct surrounding and postdating the denial of the claim under the title insurance policy, such argument — which amounts to a bad faith claim — would fall within the now settled breach of contract claim (see generally Dinstber v Allstate Ins. Co., 110 AD3d 1410 [2013]).