Advanced Aerofoil Tech. AG v MissionPoint Capital Partners LLC (2021 NY Slip Op 01938)





Advanced Aerofoil Tech. AG v MissionPoint Capital Partners LLC


2021 NY Slip Op 01938


Decided on March 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 30, 2021

Before: Gische, J.P., Singh, Scarpulla, Mendez, JJ. 


Index No. 650109/14 Appeal No. 13463 Case No. 2020-03702 

[*1]Advanced Aerofoil Technologies AG, Plaintiff-Appellant,
v
MissionPoint Capital Partners LLC, Defendant-Respondent.


Cole Schotz P.C., New York (Eric S. Latzer of counsel), for appellant.
Goodwin Procter LLP, New York (Jordan D. Weiss of counsel), for respondent.



Judgment, Supreme Court, New York County (Joel M. Cohen, J.), entered August 28, 2020, dismissing the complaint alleging breach of contract, and bringing up for review an order, same court and Justice, entered September 11, 2019, which granted defendant's motion to strike plaintiff's claim for lost profit damages arising from, and preclude expert testimony about, the loss of a contract with a customer, and order, same court and Justice, entered on or about January 9, 2020, to the extent it denied plaintiff's motion for leave to reargue and renew, and order, same court and Justice, entered on or about July 17, 2020, to the extent it granted defendant's motion to strike plaintiff's claim for lost investment damages, unanimously affirmed, with costs.
Supreme Court providently exercised its inherent discretion, pursuant to CPLR 3101(d), by precluding the expert reports and lost profits damage theory, on the ground that plaintiff did not sufficiently place defendant on notice of damages tied to the termination of the long-term agreement with its customer until plaintiff served expert reports. Plaintiff "failed to timely disclose the . . . theory and failed to provide an adequate explanation for the delay" (1861 Capital Master Fund, LP v Wachovia Capital Mkts., LLC, 95 AD3d 620, 621 [1st Dept 2012]; see also LaFurge v Cohen, 61 AD3d 426, 426 [1st Dept 2009]). Contrary to plaintiff's contention, Supreme Court did not convert that motion into one for discovery sanctions or impose the sanction of dismissal by precluding this damages theory based on lack of notice (see CPLR 3126[3]; compare Merrill Lynch, Pierce, Fenner & Smith, Inc. v Global Stat Inc., 22 NY3d 877, 880 [2013]).
Plaintiff's motion for leave to reargue and renew the motion to preclude its lost profits theory was properly denied, as plaintiff did not explain why it did not submit evidence already in its possession in opposition to defendant's original motion, and the evidence would not have changed the outcome (CPLR 2221[e][2]-[3]; Cortez v Gersh, 170 AD3d 491, 492 [1st Dept 2019]). Thus, the failure of Supreme Court to address renewal when also denying reargument may be disregarded (CPLR 2002).
Supreme Court also providently exercised its discretion by precluding plaintiff's lost investment theory, for insufficient notice to defendant (see 1861 Capital Master Fund, LP, 95 AD3d at 621).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2021