(109 App. Div. 594)

### WHAPLES v. FAHYS et al.

(Supreme Court, Appellate Division, First Department. December 8, 1905.)

EVIDENCE—DECLARATIONS OF A JOINT DEFENDANT—EFFECT AS TO CODEFENDANTS.

The declarations of one defendant do not bind the other defendants, in the absence of assent or proof that all were engaged in a joint enterprise.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 994–1002, 1010.]

Appeal from Trial Term, New York County.

Action by James R. Whaples against Joseph Fahys and others. From a judgment for plaintiff, and from an order denying their motion for a new trial, certain defendants appeal. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, CLARKE, and HOUGHTON, JJ.

James McBrien, for appellants.

Arthur J. Westermayer, for respondent.

HOUGHTON, J.   The action is for commissions for sale of real estate, and on a former appeal (87 App. Div. 518, 84 N. Y. Supp. 793) this court held that the contract between the plaintiff and the defendants was a several one and that the defendants were not jointly liable to the plaintiff.   Only the present appellants were personally served; the others being nonresidents, and served only by publication, and not appearing.   Judgment for the full amount of commissions owing by all defendants was obtained, both on the former and subsequent trials, against the two defendants personally served.

The evidence adduced on the second trial does not differ in any material respect from that appearing on the first trial.   The only new evidence is that of the plaintiff, who testifies that, at a time when all the defendants or their representatives were present and the first installment of $200 on the purchase of the property was paid, the defendant Fahys handed the money to one of the defendants and said: "Credit that to the West Hoboken Syndicate."   There is no proof as to who composed this syndicate, or that it was composed of these defendants, or that there was any joint ownership or joint venture by these defendants with respect to the real estate in question.   Plaintiff further testified to declarations of Fahys that all the others would do whatever he did, and that a representative of defendant Blythe said that whatever Fahys would do all the others would do.   If these declarations were material, they would only be evidence against the party making them; for the declarations of one defendant do not bind the other defendants, in the absence of proof of assent or proof that all were engaged in a joint enterprise.   The complaint alleges joint liability, and the second trial, as well as the first, proceeded upon that theory.

No facts were proven which met the objection to plaintiff's recovery pointed out on the former appeal, and the judgment and order must be reversed, and a new trial granted, with costs to appellants to abide the event.   All concur.