■ BERTHA GARMON et al., as Coadministratrices of the Estate of QUINTON GARMON, Deceased, Respondents, v. EUGENE MORDENTE, Appellant, et al., Defendants. (Action No. 1.) STEPHEN WYTRICK, Respondent, v. EUGENE MORDENTE, Appellant. (Action No. 2.) — Appeal by defendant Mordente, as limited by his brief, from so much of an interlocutory judgment of the Supreme Court, Kings County, dated January 12, 1968, as adjudged the issues of liability in favor of plaintiffs against appellant, upon a jury verdict. Interlocutory judgment reversed insofar as appealed from, on the law, and severance of action and new trial granted as to appellant, with costs to abide the event. The findings of fact below are affirmed. These consolidated actions arose out of an accident in an intersection controlled by a traffic light. The two vehicles involved were operated by defendants Moore and Mordente. On the trial, which Moore did not attend, a police officer testified, without objection, that at the scene of the accident Mordente told him that as he entered the intersection Moore's car, having passed a red light, struck Mordente's auto in the left rear. (Mordente testified to the same effect at the trial.) Thereafter, the officer was permitted to testify, over timely and specific objection, to a statement made to him by Moore three days after the accident. The substance of that statement was that Moore had entered the intersection on a green light and collided with Mordente's car. Moore's statement was clearly not part of the *res gestae* or an admission against interest and was adduced by plaintiffs solely for the purpose of fastening liability on Mordente. It was patently inadmissible hearsay and, if believed, was extremely prejudicial to Mordente, serving in effect as eyewitness testimony that he had violated a red light. A new trial is required as to Mordente. Christ, Benjamin and Martuscello, JJ., concur; Beldock, P. J., and Munder, J., dissent and vote to affirm, with the following memorandum: These consolidated actions for wrongful death and personal injuries arose from an intersection collision between two automobiles, one driven by defendant Moore and the other driven by defendant Mordente. Moore's answer to the complaint in the wrongful death action (he was not a party to the personal injury action) consisted of a general denial. He never appeared at the trial and there was testimony that, even though an investigation into his whereabouts had been made, he could not be located. Moreover, a police officer testified that Moore was an unlicensed driver and that he had been convicted for leaving the scene of this accident. This same officer also testified, without objection, that Mordente had stated that Moore went through a red light and struck his vehicle. Then, over objection, the officer testified to the following out-of-court statement made by Moore: " Mr. Moore said he was traveling east with a woman companion and the light was red, and he slowed down; and then he said the light changed and then he went forward and he hit into Mr. — Dr. Mordente's car." For his part, Mordente testified that when he entered the intersection the light was in his favor. Neverthe-

less, he also testified that prior to entering the intersection he saw Moore's car approaching and that he realized Moore was not going to stop for the red light. By his own admission, Mordente made no effort to stop. On this testimony, alone, the jury could properly have found Mordente negligent (see *Shea* v. *Judson,* 283 N. Y. 393, 398). This testimony, of course, substantially diminished the prejudicial effect of Moore's out-of-court statement and, coupled with the unflattering portrait painted of Moore, it is difficult to believe that the jury credited that portion of Moore's statement which, taken in isolation, fastened the blame on defendant Mordente. The majority has taken the position that the out-of-court statement attributed to Moore was hearsay and that no exception to the hearsay rule is applicable. We disagree. An admission by a party of a fact which is material and contrary to the position that he maintains on the trial is always receivable against him. (*Reed* v. *McCord,* 160 N. Y. 330, 341; Richardson, Evidence [9th ed.], § 287). Furthermore, it is not necessary that the statement be against the party's interest at the time it was made and, in fact, it can be wholly exculpatory (cf. *People* v. *Ross,* 21 N Y 2d 258, 262). At bar, Moore, by his answer, put in issue his presence at the scene of the accident and his involvement in the collision. Thus, it was incumbent upon the plaintiffs in the wrongful death action to establish that Moore was, in fact, involved in the accident. If nothing else, Moore's admission accomplished just that and it was entirely proper for those plaintiffs to bring out the statement. Thus, Mordente's remedy lay not in the total exclusion of the statement, but rather in obtaining cautionary instructions from the trial court to the effect that the statement was binding only upon Moore and not receivable against him (Mordente) (see *Whaples* v. *Fahys,* 109 App. Div. 594; cf. *Dewey* v. *Moyer,* 72 N. Y. 70, affd. *sub nom. Moyer* v. *Dewey,* 103 U. S. 301). There was, however, no such instruction. Nevertheless, no exceptions were taken to the court's charge and no appropriate request to charge was made by Mordente. Therefore, in view of the limited prejudicial effect of Moore's out-of-court statement and Mordente's failure to either request appropriate instructions or object to the charge, we would affirm the judgment (CPLR 5501, subd. [a], par. 3).