■ Ervin Thompson et al., Appellants, v Port Authority of New York and New Jersey, Respondent. [728 NYS2d 15] —Judgment, Supreme Court, New York County (Paula Omansky, J., and a jury), entered August 16, 2000, in an action for personal injuries sustained by a construction worker at a job site, insofar as appealed from, awarding plaintiff and his wife no damages on their respective claims for future pain and suffering and loss of consortium, unanimously affirmed, without costs.

A fair interpretation of the evidence supports the findings that the injuries in issue will not cause plaintiff any future pain and suffering and have not caused his wife any loss of consortium (*see, Lolik v Big V Supermarkets*, 86 NY2d 744). Aside from the laceration on plaintiff's head that required 10 stitches, all of the other objective medical evidence, including MRI's, CAT scans, x-rays and neurological tests, was negative, leaving little in the way of persuasive evidence to corroborate plaintiff's medical expert's opinion, apparently based entirely on plaintiff's subjective complaints, that plaintiff continues to suffer from persistent headaches, low back pain and sexual dysfunction as a result of the accident. Plaintiff has not undergone a continuous course of treatment with any one doctor, did not attend the headache clinic to which he was referred, has taken prescribed pain relief medication only intermittently, tried prescribed sexual dysfunction medication only twice, and has not sought psychological counseling for a sexual dysfunction that his own medical expert opines has a major psychological component. In addition, there was medical testimony from defendant that was not entirely inconsistent with that from plaintiff insofar as it attributed plaintiff's back problems to a preexisting degenerative spinal disease, and which opined that plaintiff suffered soft tissue injury as a result of the accident that resolved within three months of the accident. Given this record, the jury could consistently award plaintiff damages for future loss of earnings without also awarding him damages for future pain and suffering upon findings that while the injuries he suffered in the accident have disabled him from any longer performing strenuous construction work, his claims of continuing headaches, backaches and sexual dysfunction are either not credible or unrelated to the accident (*see, Gribbon v Missionary Sisters of Sacred Heart*, 244 AD2d 185). We would add, with respect to the claim for loss of consortium, that plaintiffs' evidence of sexual dysfunction was beset with credibility issues and lacked any medical signs, as opposed to claimed symptoms.

We also reject plaintiff's argument that inasmuch as his po-

sition was that he was no longer able to work, it was error for the trial court to charge that he was obligated to mitigate damages by seeking vocational rehabilitation. On the issue of plaintiff's ability to work, as the others, credibility issues were raised, warranting a charge on the general legal duty to mitigate damages by seeking vocational rehabilitation (*see, Bell v Shopwell, Inc.*, 119 AD2d 715). Concur—Rosenberger, J. P., Williams, Tom and Marlow, JJ.