■ RICHARD WILLIAMS et al., Respondents, v TURNER CONSTRUCTION INC. et al., Appellants. [768 NYS2d 314]—

Order and judgment (one paper), Supreme Court, New York County (Marcy Friedman, J.), entered December 6, 2002, which, upon a jury verdict, awarded plaintiffs damages, unanimously affirmed, without costs.

Viewed in light of the relevant considerations (see Morsette v "The Final Call," 309 AD2d 249, 256 [2003]), the jury's awards of $300,000 and $1 million for past and future pain and suffering, respectively, do not deviate materially from what is reasonable compensation under the circumstances. As for the award for lost future earnings, the assumption of the economics expert supporting the award, that plaintiff was completely unable to work, was fairly inferable from the record (see Czerniejewski v Stewart-Glapat Corp., 269 AD2d 772, 773 [2000]), and given plaintiff's age and long experience in his field and the nature of the physical disability for which, it is not disputed, defendants are liable, there was no need for a charge that plaintiff was required to seek vocational rehabilitation to mitigate his damages (cf. Thompson v Port Auth. of N.Y. & N.J., 284 AD2d 232, 233 [2001]). Even if the motion for a collateral source hearing had been timely made, we would find that defendant general contractor had not carried its burden (see Faas v State of New

*York,* 249 AD2d 731, 733 [1998]) to show that plaintiff employee's "future cost or expense" from lost earnings "was or will, with reasonable certainty, be replaced or indemnified, in whole or in part, from any collateral source" (CPLR 4545 [c]). Concur—Nardelli, J.P., Tom, Mazzarelli and Ellerin, JJ.