■ MARGARET LOUIS et al., Respondents, v CHARLES P. KIMMELMAN, M.D., Appellant. [779 NYS2d 478]—

Judgment, Supreme Court, New York County (Donna Mills, J.), entered June 11, 2003, which, after a jury trial, awarded plaintiff damages, unanimously affirmed, without costs.

In this medical malpractice action arising out of defendants' failure to timely diagnose and treat plaintiff Louis's acoustic neuroma, the parties disputed whether defendant had advised Louis to undergo an MRI when she first consulted him in 1994. The jury clearly accepted plaintiffs' version of the facts. It is well settled that the credibility of witnesses and the resolution of any conflict between them are matters for the jury, which is "optimally situated" for such assessment (*Grassi v Sea Shore Rest.*, 2 AD3d 222 [2003]), unless there is no valid line of reasoning or permissible inferences that could possibly lead a rational person to the conclusion reached by the jury (*Cohen v Hallmark Cards*, 45 NY2d 493 [1978]).

There is uncontradicted proof that plaintiff sustained brain damage as a result of defendant's negligence, leaving her with severe neurological deficits, including complete deafness in the right ear, headaches, vertigo and balance problems, inability to distinguish sounds, and severe fatigue. In this light, the jury's award of $1.25 million and $750,000 to Louis for past and future pain and suffering, and $200,000 to her husband for loss of services, prior to economic adjustment in accordance with CPLR article 50-A, did not deviate materially from what is reasonable compensation under the circumstances.

We have considered defendant's other arguments and find them unavailing. Concur—Tom, J.P., Andrias, Williams, Marlow and Gonzalez, JJ.