■ ERVIN JORDAN, Jr., Respondent, v COUNTY OF SUFFOLK et al., Appellants. [895 NYS2d 145]—In an action to recover damages for personal injuries, the defendants appeal from (1) a judgment of the Supreme Court, Suffolk County (Rebolini, J.), dated May 20, 2008, which, upon the denial of their motion pursuant to CPLR 4401 (a) for judgment as a matter of law, upon a jury verdict on the issue of liability finding that they were 75% at

fault in the happening of the accident and that the plaintiff was 25% at fault in the happening of the accident, upon a jury verdict on the issue of damages awarding the plaintiff the sums of $50,000 for past pain and suffering and $50,000 for future pain and suffering, and upon the denial of their motion pursuant to CPLR 4404 to set aside the verdict on the issue of liability, is in favor of the plaintiff and against them in the sum of $75,000, (2) a decision of the same court dated September 15, 2008, and (3) an order of the same court dated November 5, 2008, which granted the plaintiff's motion, in effect, for additur, to the extent of directing a new trial on the issue of damages unless the defendants stipulated to the increase of the award for past pain and suffering from the sum of $50,000 to the sum of $250,000 and the award for future pain and suffering from the sum of $50,000 to the sum of $500,000.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment and the order are affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court properly denied the defendants' motion pursuant to CPLR 4404 to set aside the verdict on the issue of liability. Under the circumstances of this case, the question of whether the defendant police officer was responding to an emergency call at the time of the accident was a question of fact for the jury to determine (*cf. Criscione v City of New York*, 97 NY2d 152 [2001]). Although the defendants argued to the Supreme Court, and argue to this Court, that the officer was cloaked with the qualified immunity afforded to certain emergency responders by Vehicle and Traffic Law § 1104, and that the Supreme Court should have charged this to the jury as a matter of law, any error in the court's charge was rendered harmless when the jury determined the issue in favor of the appellants (*see Maione v Pindyck*, 32 AD3d 827, 828 [2006]).

The Supreme Court also properly denied the defendants' motion for judgment as a matter of law made at the close of evidence. Affording the plaintiff every favorable inference from the evidence submitted, there was a rational process by which the jury could have found in favor of him (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). Moreover, the jury verdict on the issue of liability was not against the weight of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]).

Furthermore, under the circumstances of this case, the

Supreme Court did not err in directing a new trial on the issue of damages unless the defendants stipulated to increase the award for past pain and suffering from the sum of $50,000 to the sum of $250,000 and the award for future pain and suffering from the sum of $50,000 to the sum of $500,000, since an increased award of damages in the principal sum of $750,000 would not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]). Skelos, J.P., Angiolillo, Balkin and Lott, JJ., concur. **[Prior Case History: 20 Misc 3d 1128(A), 2008 NY Slip Op 51655(U).]**