■ BROUGHAN E. GOREY, Respondent-Appellant, v ALLION HEALTHCARE, INC., Appellant-Respondent. [897 NYS2d 910]—In an action, inter alia, to recover damages for breach of contract, the defendant appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Suffolk County (Pines, J.), dated January 7, 2008, and the plaintiff cross-appeals, as limited by his notice of appeal and brief, from stated portions of the same order.

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Pines, J.), entered September 10, 2008, which, upon the denial of its motion pursuant to CPLR 4401 for judgment as a matter of law, upon a jury verdict in favor of the plaintiff in the principal sum of $185,096.40, and upon the denial of its motion pursuant to CPLR 4404 to set aside the verdict and for judgment as a matter of law, is in favor of the plaintiff and against it in the principal sum of $185,096.40, and the plaintiff cross-appeals, on the ground of inadequacy, from so much of the same judgment as failed to award him damages based upon the defendant's alleged breach of a provision of the employment agreement between the parties requiring the defendant to grant him stock options that would have vested during the 12-month period following the termination of his employment with the defendant.

Ordered that the judgment is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the Supreme Court properly determined in an order dated January 7, 2008, that the provision of the employment agreement between the parties which referred to an executive bonus plan was ambiguous and, thus, the meaning of that provision presented a triable issue of fact, precluding summary judgment dismissing so much of the first cause of action as alleged the defendant's breach of that provision (*see Amusement Bus. Underwriters v American Intl. Group*, 66 NY2d 878, 880-881 [1985]; *Rapp v 136 Oak Dr. Assoc.*, 70 AD3d 914 [2010]; *Sheriff Officers Assn., Inc. v County of Nassau*, 69 AD3d 921 [2010]; *Lerer v City of New York*, 301 AD2d 577, 578 [2003]; *Reiner v Wenig*, 269 AD2d 379 [2000]).

Similarly, the Supreme Court properly denied the defendant's motions for judgment as a matter of law, made at the close of evidence and after the jury's verdict, respectively. Since the bonus provision was "susceptible to more than one reasonable interpretation" (*Estate of Blatt v North Fork Bank*, 40 AD3d 1030 [2007]), the defendant failed to establish that there was no rational process by which the jury could have found that the defendant was contractually obligated to implement, and allow the plaintiff to participate in, an executive bonus plan (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Jordan v County of Suffolk*, 70 AD3d 779 [2010]; *Maisano v Beckoff*, 2 AD3d 412, 413 [2003]). Moreover, the trial evidence showed that the plaintiff discussed an executive bonus plan with the defendant's representatives prior to the commencement of his employment with the defendant, that the plaintiff considered an executive bonus plan an important part of his compensation, and that the defendant's chief executive officer repeatedly told the plaintiff that the plan was being developed. Based on these facts, the jury could rationally find that the defendant's failure to implement such a plan constituted a material breach of the employment agreement (*cf. JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373, 384 [2005]).

Prior to his rebuttal case, the plaintiff moved to reopen his case-in-chief for the purpose of introducing evidence of the value of certain stock options that would have vested during the 12-month period following the termination of his employment with the defendant. The plaintiff claimed to be entitled to those options under the terms of the employment agreement. The Supreme Court clarified that, in its prior order partially granting the defendant's motion for summary judgment, it had not dismissed the portion of the complaint alleging the plaintiff's entitlement to the stock options in question. Nonetheless, the court denied the plaintiff's motion to reopen his case, concluding that he had waived his right to the stock options. The record establishes that the plaintiff made no attempt to exercise the options within 90 days after the termination of his employment with the defendant, as required by the terms of the relevant stock option plan, even though the defendant's chief executive officer reminded him by letter of the 90-day deadline prior to its expiration. The plaintiff thereby waived his right to the stock options (*see Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 104 [2006]; *Tauber v Bankers Trust Co.*, 230 AD2d 312, 319 [1997]) and, thus, the Supreme Court providently exercised its discretion in denying the plaintiff's motion to reopen his case (*see Fischer v RWSP Realty, LLC*, 63 AD3d 878 [2009]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Balkin, Leventhal and Austin, JJ., concur.