■ BARBARA BANKS, Respondent, v CITY OF NEW YORK et al., Appellants. [939 NYS2d 39]—

The court properly charged the jury with determining whether, at the time of the accident, defendant police officer was "involved in an emergency operation" of an authorized emergency vehicle, pursuant to Vehicle and Traffic Law § 1104 (a). The officer's operation of his vehicle while investigating a person who, from a truck, made a hand motion and may have waved to the police is not one of the vehicular operations specifically listed in Vehicle and Traffic Law § 114-b as an "emergency operation." Plaintiff on the other hand denied seeing the truck. Thus, whether it was an emergency operation was an issue of fact (see e.g. Jordan v County of Suffolk, 70 AD3d 779 [2010]; see also Rodriguez v Incorporated Vil. of Freeport, 21 AD3d 1024 [2005]; compare Criscione v City of New York, 97 NY2d 152, 155-158 [2001] [officer undisputedly operating patrol vehicle while responding to police dispatch to investigate 911 call was involved in "emergency operation" as matter of law]).

The court properly allowed plaintiff's economist to testify about future damages, since there was no evidence of a willful or intentional failure to disclose or of prejudice to defendants (see CPLR 3101 [d]; St. Hilaire v White, 305 AD2d 209, 210 [2003]; McDermott v Alvey, Inc., 198 AD2d 95 [1993]). While plaintiff exchanged her expert economist's report only about two weeks before the scheduled start of the trial, the exchange was made only three days after the report was issued. Given that the bill of particulars pleaded continuing lost earnings, defendants cannot be said to have been surprised by the expert exchange. In any event, they cannot now complain of prejudice, having failed to move to exclude the testimony until after the trial began (see Freeman v Kirkland, 184 AD2d 331 [1992]). The economist's assumption that plaintiff was unable to work was "fairly inferable from the record" (Williams v Turner Constr., 2 AD3d 217, 217 [2003]).

The court also properly allowed plaintiff's treating orthopedic surgeon to testify as to the possible need for future knee replacement surgery, despite plaintiff's noncompliance with 22 NYCRR 202.17 (g) (*see* 22 NYCRR 202.17 [h]; *McDougald v Garber*, 135 AD2d 80, 94-95 [1988], *mod on other grounds* 73 NY2d 246 [1989]). Concur—Tom, J.P., Friedman, Sweeny, Moskowitz and DeGrasse, JJ.