■ JULIO REBOLLO, Appellant, v NICHOLAS CAB CORP. et al., Respondents, et al., Defendants. [2 NYS3d 471]—

Order, Supreme Court, New York County (Carol E. Huff, J.), entered December 17, 2013, which granted defendants' motion to direct plaintiff to appear for a further independent medical examination (IME) by a physician designated by defendants, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff was not required to appear for an additional IME. Although there is no restriction in CPLR 3121 limiting the number of examinations to which a plaintiff may be subjected, a defendant seeking a further examination must demonstrate the necessity for it (*see Chaudhary v Gold*, 83 AD3d 477, 478 [1st Dept 2011]). Moreover, after a note of issue has been filed, as here, "a defendant must demonstrate that unusual and unanticipated circumstances developed subsequent to the filing of the note of issue to justify an additional examination" (*Futersak v Brinen*, 265 AD2d 452, 452 [2d Dept 1999]).

Here, the fact that defendants' examining physician was placed on a three-year suspension subsequent to his examination of plaintiff and the filing of the note of issue does not justify an additional examination by another physician (*see Giordano v Wei Xian Zhen*, 103 AD3d 774 [2d Dept 2013]). Defendants have failed to demonstrate the existence of "unusual and unanticipated circumstances," since the bill of particulars was served before the IME, and there were no allegations of new or additional injuries (*see Frangella v Sussman*, 254 AD2d 391 [2d Dept 1998]). Concur—Acosta, J.P., Renwick, Feinman, Clark and Kapnick, JJ.