■ DIANE COLEMAN, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. DOROTHY LEMON, Respondent, v

NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, and DIANE COLEMAN, Respondent. [21 NYS3d 46]—

Judgment, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered on or about July 21, 2014, after a jury trial, against defendants New York City Transit Authority (NYCTA) and Annie M. Canty on liability, awarding plaintiff Diane Coleman, as administratrix of the goods, chattels and credits which were of Dorothy Dunnigan, $1.25 million for past pain and suffering, as reduced by stipulation, plus interest, costs and disbursements, unanimously modified, on the facts, to vacate the damages award and remand the matter for a new trial on damages, unless said plaintiff stipulates, within 30 days of service of a copy of this order with notice of entry, to a reduction of the award for past pain and suffering to $1 million, and to entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs. Judgment, same court and Justice, entered on or about October 17, 2014, after the same jury trial, against defendants NYCTA and Canty on liability, awarding plaintiff Dorothy Lemon, as reduced by stipulation, $1.5 million for past pain and suffering, $2 million for future pain and suffering over a period of 10 years, $97,600 for past lost earnings, and $728,000 for future lost earnings over a period of 35 years, plus interest, costs and disbursements, unanimously modified, on the facts, to vacate the future lost earnings award and remand the matter for a new trial on such damages, unless said plaintiff stipulates, within 30 days of service of a copy of this order with notice of entry, to a reduction of the award for future lost earnings to $520,000 over a period of 25 years, and to entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs.

The trial court was correct in redacting from plaintiff Lemon's hospital record a social worker's statement, which included the information that the vehicle driver "made an illegal left turn." First, it is not clear whether the statement was made by Lemon. Even assuming it was, the statement was not made for purposes of diagnosis and treatment (*see Williams v Alexander*, 309 NY 283, 287-288 [1955]; *see also Preldakaj v Alps Realty of NY Corp.*, 69 AD3d 455, 456 [1st Dept 2010]). Additionally, the statement is not admissible against Lemon as a party's admission against interest, as the statement itself was not against Lemon's interest, but at best, against Dunnigan's interest, the driver at the time of the accident (*see*

*generally Garmon v Mordente*, 32 AD2d 532, 532-533 [2d Dept 1969]). Moreover, the statement itself does not relate to a matter of fact, because the word "illegal" is a conclusion of law.

The trial court providently exercised its discretion in precluding testimony from defendants' biomechanical and accident reconstruction experts because defendants served their disclosures only days before the scheduled trial date. We see no reason to disturb the trial court's exercise of discretion in precluding this testimony (*see LaFurge v Cohen*, 61 AD3d 426, 426 [1st Dept 2009], *lv denied* 13 NY3d 701 [2009]), whether applying a "good cause" standard (*Peguero v 601 Realty Corp.*, 58 AD3d 556, 564 [1st Dept 2009]) or a "willful or prejudicial" standard (*see Banks v City of New York*, 92 AD3d 591, 591 [1st Dept 2012]). We also see no reason to disturb the trial court's exercise of discretion in precluding testimony regarding a seatbelt defense (*cf. Banks*, 92 AD3d at 591 [even though economist's report was exchanged on eve of trial, this Court refused to disturb Supreme Court's exercise of discretion permitting economist's testimony regarding lost wages, which was pleaded in the bill of particulars]).

The damages award to Coleman for Dunnigan's past pain and suffering for head and other injuries, encompassing a period of two years and 11 months, even as reduced, deviates from what would be reasonable compensation under the circumstances, given her age and health at the time of the accident (*see* CPLR 5501 [c]; *Singh v Gladys Towncars Inc.*, 42 AD3d 313 [1st Dept 2007]; *Hernandez v Vavra*, 62 AD3d 616, 617 [1st Dept 2009], *lv denied* 13 NY3d 714 [2009]).

The awards to Lemon for past and future pain and suffering do not deviate materially from reasonable compensation, given that she suffered, among other things, permanent injury to her right leg, a broken right femur requiring surgery, a meniscus tear requiring arthroscopic surgery, a head laceration resulting in headaches and dizziness, a lower back injury including a bulging disc, and depression (*see e.g. Urbina v 26 Ct. St. Assoc., LLC*, 46 AD3d 268, 268, 275 [1st Dept 2007]; *Louis v Kimmelman*, 8 AD3d 206, 207 [1st Dept 2004]).

The award to Lemon for past lost earnings of $97,600, based on a full-time salary, was supported by the evidence adduced at trial and is not excessive. However, the award to Lemon for future lost earnings of $728,000, based on a full-time salary, was speculative, as there was no basis for the jury to conclude that Lemon, around 45 or 46 years old at the time of trial, would work for the remainder of her life (*Stewart v New York City Tr. Auth.*, 82 AD3d 438, 441 [1st Dept 2011], *lv denied* 17

NY3d 712 [2011]). Rather, a future work life of 25 years would have been reasonable. Because Lemon offered no evidence at trial regarding inflation or growth, there is no basis to grant Lemon's request for a 4% increase of the future lost earnings award.

We have considered defendants' remaining contentions and find them unavailing. Concur—Sweeny, J.P., Acosta, Richter and Manzanet-Daniels, JJ.