Castillo v MTA Bus Co. (2018 NY Slip Op 05134)





Castillo v MTA Bus Co.


2018 NY Slip Op 05134


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2015-11980
 (Index No. 700183/13)

[*1]Apolonia Castillo, respondent, 
v
MTA Bus Company, appellant.


Armienti, DeBellis, Guglielmo & Rhoden, LLP, New York, NY (Vanessa M. Corchia of counsel), for appellant.
Silberstein, Awad & Miklos, P.C., Garden City, NY (Robert Miklos and Chan Hee Park of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Queens County (Allan B. Weiss, J.), entered November 2, 2015. The judgment, upon an order of the same court (Carmen R. Velasquez, J.) entered June 25, 2015, denying the defendant's motion for summary judgment dismissing the complaint, upon a jury verdict finding the defendant liable for the plaintiff's injuries, and upon a separate jury verdict on the issue of damages finding that the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d), is in favor of the plaintiff and against the defendant in the principal sum of $1,500,000.
ORDERED that the judgment is affirmed, with costs.
On April 2, 2012, the then-72-year-old plaintiff was a passenger on a bus owned by the defendant, MTA Bus Company. The complaint alleged that the bus accelerated rapidly, causing the plaintiff to be violently thrown to the floor and resulting in her injuries.
The defendant moved for summary judgment dismissing the complaint on the grounds that it was not liable for the plaintiff's injuries, and that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d). In support of the liability branch of the motion, the defendant submitted the plaintiff's deposition testimony, in which she testified that she "didn't make any steps" after boarding the bus, and that the bus driver "drove right away." The plaintiff further testified: "[The bus driver] just slammed me to the back . . . of the bus . . . . She drove away at a fast pace and that's when I landed all the way to the back of the bus in a seated down position with my left leg under me." According to the plaintiff, her fall was of sufficient force that she lost consciousness. The defendant also submitted the deposition testimony of the bus driver, who testified that the plaintiff was sitting in a seat when the bus driver drove away from the bus stop. In an order entered June 25, 2015, the Supreme Court denied the defendant's motion for summary judgment in its entirety.
After a trial on the issue of liability, the jury unanimously found that the defendant [*2]was negligent, and that its negligence was a substantial factor in causing the accident. During the damages trial, the plaintiff submitted evidence that she sustained disc bulges in almost the entirety of her cervical spine—C2-3 through C7-T1—resulting in diminished range of motion. She also submitted evidence that she sustained lumbar disc bulges at L3-4 and L5-S1, resulting in left S1 radiculopathy, meaning that a loss of function in the S1 nerve caused weakness and loss of sensation in the plaintiff's left leg. Further, the plaintiff presented testimony that she sustained torn lateral and medial menisci in her left knee, requiring arthroscopic surgery, and that she may need a knee replacement in the future. Moreover, according to the trial testimony, the plaintiff developed postconcussive syndrome following the accident, and she will experience the effects of postconcussive syndrome for the rest of her life.
The jury found that the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d), and awarded her the sum of $500,000 for past pain and suffering and the sum of $1,000,000 for future pain and suffering over 10 years. On November 2, 2015, the Supreme Court entered a judgment in favor of the plaintiff and against the defendant in the principal sum of $1,500,000. The defendant appeals.
We agree with the Supreme Court's determination to deny that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury. The defendant met its prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and thoracolumbar regions of the plaintiff's spine did not constitute serious injuries under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiff submitted evidence raising triable issues of fact as to whether she sustained serious injuries to the cervical and thoracolumbar regions of her spine (see Perl v Meher, 18 NY3d 208, 218-219).
We also agree with the Supreme Court's determination to deny that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that it was not liable for the plaintiff's injuries. The evidence submitted by the defendant in support of that branch of the motion failed to eliminate triable issues of fact as to whether the movement of the bus at issue was unusual and violent (see Black v County of Dutchess, 87 AD3d 1097, 1098; cf. Garcia v Sunny Transp. Servs., 99 AD3d 967; McLeod v City of Westchester, 38 AD3d 624; see generally Urquhart v New York City Tr. Auth., 85 NY2d 828, 829-830). Since the defendant did not sustain its prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Contrary to the defendant's contention, during the liability trial, it was appropriate for the Supreme Court to allow the plaintiff's counsel to cross-examine the bus driver about her prior conviction for reckless driving (see CPLR 4513; Delva v New York City Tr. Auth., 123 AD3d 653, 653-654; Scotto v Daddario, 235 AD2d 470).
Contrary to the defendant's further contention, the Supreme Court providently exercised its discretion in denying the defendant's motion to preclude the plaintiff's expert physician from testifying at the damages trial (see CPLR 3101[d][1][i]; Ramsen A. v New York City Hous. Auth., 112 AD3d 439, 440).
The award of damages for past and future pain and suffering did not deviate materially from what would be reasonable compensation (see CPLR 5501[c]; Coleman v New York City Tr. Auth., 134 AD3d 427, 429; Halsey v New York City Tr. Auth., 114 AD3d 726, 727; Kayes v Liberati, 104 AD3d 739, 740; Graves v New York City Tr. Auth., 81 AD3d 589, 589).
The defendant's contentions regarding summation comments made by the plaintiff's [*3]counsel during the liability trial are unpreserved for appellate review (see Lagos v Fucale, 139 AD3d 908). The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court