Alcantara-Pena v Shanahan (2019 NY Slip Op 00387)





Alcantara-Pena v Shanahan


2019 NY Slip Op 00387


Decided on January 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2019

Friedman, J.P., Kapnick, Gesmer, Oing, Moulton, JJ.


8164N 302075/12

[*1] Cinthia Alcantara-Pena, Plaintiff-Respondent,
v
Christine Shanahan, Defendant, The City of New York, et al., Defendants-Appellants.


London Fischer LLP, New York (Amy M. Kramer of counsel), for appellants.
Spiegel & Barbato, LLP, Bronx (Brian C. Mardon of counsel), for respondent.



Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered on or about October 27, 2017, which denied defendants The City of New York and Welsbach Electric Corp.'s motion to preclude plaintiff Cinthia Alcantara-Pena from offering expert testimony, or alternatively, compelling her to submit to a vocational rehabilitation examination and exchange her vocational expert's reports, notes and records, and granted plaintiff's cross motion to quash defendants' subpoena dues tecum dated July 20, 2017, and for sanctions to the extent of quashing defendants' subpoena, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying defendants' motion. Plaintiff's CPLR 3101(d) notice provides enough detail regarding the substance of her economists' expected testimony (see CPLR 3101[d][1][i]).
Defendants' claim that the bill of particulars did not indicate that plaintiff's loss was continuing lacks merit, because the bill of particulars states that plaintiff's "disability is of a continuing permanent and partial nature and will continue for an indefinite period of time into the future." The bill and supplemental bill of particulars also state that plaintiff was reserving the right to submit additional medical bills and lost wage earnings as they were received because she continued to incur expenses. Given the aforementioned language of the bill and supplemental bill of particulars, the economists' assumption that plaintiff is unable to work is "fairly inferable from the record" (Banks v City of New York, 92 AD3d 591, 591 [1st Dept 2012]).
In addition, we find that Supreme Court providently exercised its discretion in denying the motion to compel plaintiff to submit to a vocational rehabilitation examination post-note of issue. That plaintiff noticed a vocational rehabilitation expert after the filing of the note of issue does not constitute an unusual or unanticipated circumstance, because there is no evidence that she is asserting a new theory of liability and there is no indication in the record that the disclosure was served on the eve of trial (see Ramsen A. v New York City Hous. Auth., 112 AD3d 439, 439-440 [1st Dept 2013]). Furthermore, defendants do not allege that plaintiff is asserting new or additional injuries or that the nature and extent of her existing injuries have changed dramatically (see Rebollo v Nicholas Cab Corp., 125 AD3d 452 [1st Dept 2015]; Silverberg v Guzman, 61 AD3d 955, 956 [2d Dept 2009]; Schenk v Maloney, 266 AD2d 199, 200 [2d Dept 1999]). Lastly, the complaint, the bill of particulars, the supplemental bill of particulars and plaintiff's [*2]deposition testimony establish that defendants were on notice long before the note of issue was filed that plaintiff is claiming that she has been unable to work as a result of injuries sustained in the accident.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 22, 2019
CLERK