| |
|---|
| **McGill v Whitney Museum of Am. Art** |
| 2024 NY Slip Op 33126(U) |
| September 6, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158766/2015 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. HASA A. KINGO**                                    PART          5

*Justice*

-------------------------------------------------------------------------------X

RICHARD MCGILL,

                                            Plaintiff,

                         - v -

WHITNEY MUSEUM OF AMERICAN ART, TURNER
CONSTRUCTION COMPANY,

                                            Defendant.

-------------------------------------------------------------------------------X


WHITNEY MUSEUM OF AMERICAN ART, TURNER
CONSTRUCTION COMPANY

                                            Plaintiff,

                         -against-

ANDREW MEROLA

                                            Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158766/2015 |
| MOTION DATE | 05/02/2024, 06/11/2024 |
| MOTION SEQ. NO. | 013 014 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595459/2024

A The following e-filed documents, listed by NYSCEF document number (Motion 013) 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 325, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 349, 350, 351, 352, 353, 354, 355, 356, 366, 367, 372, 373

were read on this motion to for a                              STAY                              .

The following e-filed documents, listed by NYSCEF document number (Motion 014) 364, 365, 374, 375, 376, 377, 378, 385

were read on this motion to                              DISMISS                              .

   With the instant motion, Defendants and Third-Party Plaintiffs Whitney Museum of Art and Turner Construction Company (hereinafter "Defendants") seek to stay or adjourn the personal injury trial in the above-captioned matters and conduct additional discovery regarding the third-party complaint. Alternatively, Defendants seek leave to subpoena Andrew Merola, MD (hereinafter "Dr. Merola") for deposition testimony. Plaintiff Richard McGill (hereinafter "Plaintiff") and Third-Party Defendant Dr. Merola oppose the motion and seek to dismiss the third-party complaint for lack of merit or, alternatively, sever the third-party action from the main case to allow the personal injury trial to proceed without further delay.

158766/2015   MCGILL, RICHARD vs. WHITNEY MUSEUM OF AMERICAN ART
Motion No.  013 014

Page 1 of 5

[* 1]

Upon review of the parties' respective papers, and consideration of the arguments set forth during oral argument on September 5, 2024, the court issues the following decision.

## BACKGROUND

Plaintiff Richard McGill filed this personal injury action on August 24, 2015, after sustaining injuries while working on a construction project. Defendants are alleged to have violated New York Labor Law, specifically sections 240(1) and 241(6), which impose strict liability for failing to provide proper safety equipment on construction sites.

Plaintiff underwent surgery in 2021 for injuries related to the incident. Dr. Andrew Merola performed a complex spinal surgery involving anterior cervical interbody arthrodesis and decompression. Defendants, relying on the opinion of their expert, Yong Kim, MD (hereinafter "Dr. Kim"), now allege that Dr. Merola did not perform a corpectomy[1] as described in his operative report, suggesting that the procedure was fraudulently billed. This claim forms the basis of Defendants' third-party complaint against Dr. Merola, filed on the eve of trial in May 2024.

## ARGUMENTS

Defendants argue that recently obtained post-operative imaging reviewed by Dr. Kim reveals that Dr. Merola did not perform a partial vertebral corpectomy, contradicting his operative report. Defendants contend that this new evidence justifies the third-party action for fraud and warrants further discovery, including depositions and a stay of the upcoming trial to prevent irreparable prejudice. They assert that they acted swiftly upon discovering this information and are entitled to explore the alleged fraud in connection with Plaintiff's damages.

Plaintiff and Dr. Merola assert that Defendants' third-party complaint is untimely, unsupported by the facts, and fails to meet the stringent pleading requirements for fraud under CPLR § 3016(b). They argue that Defendants have no standing to assert fraud because they did not pay for the surgery and, therefore, suffered no direct harm. Further, they contend that the third-party action will unfairly delay Plaintiff's long-pending personal injury trial, which has already been delayed for nearly nine years. As such, they move for dismissal or, at the very least, severance of the third-party claim to allow the main action to proceed.

## DISCUSSION

In general, "[t]rial courts are authorized, as a matter of discretion, to permit post-note of issue discovery without vacating the note of issue, so long as neither party will be prejudiced" (*Cuprill v. Citywide Towing and Auto Repair Services,* 149 AD3d 442 [1st Dept 2017]). The Uniform Civil Rules for the Supreme Court and the County Court specify the circumstances in which post-note of issue discovery is warranted. "Where unusual or unanticipated circumstances develop subsequent to the filing of a note of issue and certificate of readiness which require additional pretrial proceedings to prevent substantial prejudice, the court, upon motion supported by affidavit, may grant permission to conduct such necessary proceedings" (22 NYCRR §

---

[1] A corpectomy is a surgical procedure that involves removing all or part of the vertebral body, usually to decompress the spinal cord and nerves.

**158766/2015   MCGILL, RICHARD vs. WHITNEY MUSEUM OF AMERICAN ART**
**Motion No.  013 014**

Page 2 of 5

2 of 5

INDEX NO. 158766/2015

RECEIVED NYSCEF: 09/06/2024

202.21[d]). However, where a party fails to establish any unusual or unanticipated circumstances which would require post-note of issue discovery, and further fails to explain the extreme delay in seeking discovery, the court in its discretion can deny a request for post-note of issue discovery (*see Alcantara-Pena v Shanahan*, 168 AD3d 550 [1st Dept 2019]; *Palmiero v 417 E. 9th St. Assocs., LLC*, 167 AD3d 472 [1st Dept 2018]; *Rebollo v Nicholas Cab Corp.*, 125 AD3d 452 [1st Dept 2015]; *Rosado v Bronx Leb. Hosp.*, 278 AD2d 9 [1st Dept 2000]). Where, as here, the basis for post-note of issue discovery is the filing of a third-party complaint that Defendants submit implicates the underlying main action, "[i]n furtherance of convenience or to avoid prejudice the court may order a severance of claims, or may order a separate trial of any claim, or of any separate issue" (CPLR § 603).[2]

Further, where, as here, a third-party action is commenced after the main action is placed on the trial calendar, severance is the appropriate remedy if delay in the disposition of the main action would ensue absent a severance, discovery is already complete in the main action, and the plaintiff, which is ready for trial, would be prejudiced if compelled to await the commencement and completion of discovery in the third-party action (*see* CPLR §§ 603, 1010; *Maron v Magnetic Constr. Group Corp.*, 128 AD3d 426, 427 [1st Dept 2015]; *Admiral Indem. Co. v Popular Plumbing & Heating Corp.*, 127 AD3d 419, 419 [1st Dept 2015]; *Whippoorwill Hills Homeowners Assn., Inc. v Toll at Whippoorwill, L.P.*, 91 AD3d 864, 865 [2d Dept 2012]).

### *Insufficiency of Defendants' Fraud Claim*

At the core of Defendants' third-party complaint is a claim of fraud against Dr. Merola, centered on allegations that he misrepresented the surgical procedure performed on Plaintiff. Fraud claims under New York law must satisfy the requirements set forth in CPLR § 3016(b), which mandates that claims of fraud be pleaded with particularity, detailing the specific misrepresentation, intent to defraud, justifiable reliance, and resulting damages (*Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]).

In this case, Defendants have failed to meet these stringent requirements. Their claim rests on the allegation that Dr. Merola's billing statement included a procedure that was not performed, based on a review of post-operative imaging. However, Defendants have not alleged that they paid for Plaintiff's medical treatment, nor have they demonstrated any financial loss or damage as a result of the purported fraud. The mere assertion that the value of Plaintiff's injury claim was "artificially inflated" is conclusory and lacks the necessary detail to establish a cognizable injury.

This deficiency is critical under New York law, where damages must flow directly from the alleged fraud. The Court of Appeals has held that "a claim rooted in fraud must be pleaded with the requisite particularity under CPLR § 3016(b)" (*Eurycleia Partners*, 12 NY3d at 559). Moreover, fraud claims require not just a misrepresentation but also justifiable reliance by the

---

[2] The court acknowledges that a note of issue has not been filed in the third-party action. Nevertheless, the court emphasizes that, since the Defendants initiated the third-party action long after the main action was placed on the trial calendar, severance and/or dismissal is the appropriate remedy since a delay in the resolution of the main action would occur without it. Discovery in the main action is already complete, and Plaintiff, who is ready for trial, would be prejudiced if forced to wait for the completion of discovery in the third-party action that is neither material nor relevant to the adjudication of the disputes at issue in the main action.

**158766/2015   MCGILL, RICHARD vs. WHITNEY MUSEUM OF AMERICAN ART**                    **Page 3 of 5**
**Motion No.  013 014**

3 of 5

injured party and actual damages as a result (*Lama Holding Co. v Smith Barney Inc.*, 88 NY2d 413, 421 [1996]). Defendants have shown neither, rendering their claim fatally deficient.

### *Standing and Lack of Direct Injury*

It is well-established that standing is a fundamental requirement in fraud actions. Defendants' claim must demonstrate that they were the party directly harmed by the alleged fraudulent misrepresentation. As the Appellate Division, First Department, has made clear, a party who did not suffer direct harm as a result of the alleged misrepresentation lacks standing to assert a fraud claim (*Wimbledon Fin. Master Fund, Ltd. v Weston Capital Mgmt. LLC*, 160 AD3d 596, 597 [1st Dept 2018]).

Here, Defendants are not in the position of having paid for Dr. Merola's medical services. In fact, Defendants do not allege that they had any direct financial involvement in Plaintiff's medical bills. Their theory of "artificially inflated" damages does not satisfy the requirement that they suffer direct harm as a result of Dr. Merola's alleged misrepresentation. Without direct harm, there can be no viable fraud claim under New York law (*Ideal Steel Supply Corp. v Anza*, 63 AD3d 884, 885 [2d Dept 2009]).

### *Timeliness and Prejudice*

Another critical flaw in Defendants' third-party action is its timing. Defendants have known about Plaintiff's surgery since 2021, and the medical records in question have been available for several years. Defendants' decision to wait until May 2024—just months before the scheduled trial—to assert their third-party claim raises significant concerns about undue delay and prejudice to Plaintiff.

Courts have repeatedly held that third-party actions brought on the eve of trial are disfavored, especially when they threaten to derail long-pending cases. In *Cortez v New York City Hous. Auth.* (163 AD2d 13, 13 [1st Dept 1990]), the Appellate Division, First Department, upheld the severance of a third-party action that was commenced just 18 months after the main action, finding that further delays would prejudice the plaintiff. In this case, the main action has been pending for nearly nine years, and further delays would be both prejudicial and unjust to Plaintiff, who has been waiting for his day in court.

Moreover, Defendants have not provided a satisfactory explanation for their delay in asserting this third-party action. The fact that they only recently obtained imaging evidence does not excuse their failure to diligently pursue the necessary discovery earlier in the case. Courts have discretion to sever or dismiss third-party claims that would unduly delay the trial of the main action (CPLR § 1010*; Attie v City of New York*, 221 AD2d 274, 274 [1st Dept 1995]).

### *Inapplicability of RICO Allegations*

Defendants' reliance on allegations in an unrelated federal RICO complaint further weakens their case. The RICO complaint, filed in March 2024, alleges fraudulent schemes involving medical providers, including Dr. Merola, but does not specifically pertain to Plaintiff

**158766/2015   MCGILL, RICHARD vs. WHITNEY MUSEUM OF AMERICAN ART**          **Page 4 of 5**
**Motion No.  013 014**

4 of 5

[* 4]

McGill's treatment. Courts have repeatedly held that unproven allegations in unrelated actions cannot be used to support claims in separate litigation (*Vega v NYCTA*, Kings Co. Index No. 512829/2015; *Guerra v Munoz Corporan*, Bronx Co. Index No. 023516/2019).

The insertion of these unsubstantiated allegations appears designed to prejudice the jury by associating Dr. Merola with unrelated accusations of fraud. Such tactics are improper and do not constitute legitimate grounds for a third-party action. As noted in *Stein v Doukas* (98 AD3d 1024, 1026 [2d Dept 2012]), bare and conclusory allegations of fraud, unsupported by specific facts, are insufficient to meet the pleading requirements under CPLR § 3016(b).

For the foregoing reasons, it is hereby

ORDERED that Defendants' motion for a stay or adjournment of the trial and for further discovery is DENIED; and it is further

ORDERED Plaintiff and Third-Party Defendant's motions to sever and dismiss the third-party complaint are GRANTED; and it is further

ORDERED that Defendants are granted leave to replead their claims against Dr. Merola in a separate action if they so choose, but this third-party action is dismissed with respect to the present case; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment severing and dismissing the third-party action accordingly; and it is further

ORDERED that the trial on Plaintiff's personal injury claim shall proceed as scheduled.

This constitutes the decision and order of the court.

20240906124735HKING0514... ...7414F4EF0B4F4736FD64AA872

_____
**9/6/2024**
DATE

_____
**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**158766/2015   MCGILL, RICHARD vs. WHITNEY MUSEUM OF AMERICAN ART**
**Motion No.  013 014**

Page 5 of 5